1  JODY A. LANDRY, Bar No. 125743
   jlandry@littler.com
2  LINDSEY M. STEVENS, Bar No. 265700
   lstevens@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California 92101.3577
   Telephone: 619.232.0441/ Fax: 619.232.4302
5
   Attorneys for Defendant
6  ECOLAB INC.

7  STEVEN G. ZIEFF (SBN 84222)
   DAVID A. LOWE (SBN 178811)
8  JOHN T. MULLAN (SBN 221149)
   RUDY EXELROD ZIEFF & LOWE LLP
9  351 California Street, Suite 700
   San Francisco, CA 94104
10 Telephone: (415) 434-9800 / Fax (415) 434-0513
   sgz@rezlaw.com
11 dal@rezlaw.com
   jtm@rezlaw.com
12
   TODD JACKSON (SBN 202598)
13 LEWIS, FEINBERG, LEE, RENAKER
   & JACKSON, P.C.
14 476 9th Street
   Oakland, CA 94607
15 Telephone: (510) 839-6824 / Fax (519) 839-7839

16 *COUNSEL FOR PLAINTIFF CONTINUED
   ON FOLLOWING PAGE*

17

18              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA,
19           OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK CANCILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB INC., a corporation,<br><br>Defendant. | Case No. CV 12 3001 CRB<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING TOLLING OF FLSA STATUTE OF LIMITATIONS**<br><br>District Judge: Hon. Charles R. Breyer<br>Ctrm. 6<br><br>Complaint Filed: June 11, 2012<br>Trial Date: Not Set |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATION RE TOLLING

Case No. CV-12-3001 CRB

JAMES M. FINBERG (SBN 114850)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

ROBERT S. NELSON (SBN 220984)
NELSON LAW GROUP
26 West Portal Avenue, Suite 1
San Francisco, CA 94127
Telephone: (415) 702-9869
Facsimile: (415) 592-8671
rnelson@nelsonlawgroup.com

Attorneys for Plaintiff
NICK CANCILLA, on behalf of himself
and all others similarly situated

STIPULATION RE TOLLING     2.     Case No. CV-12-3001 CRB

1   This Stipulation is entered into by and between Plaintiff NICK CANCILLA ("Plaintiff") and
2   Defendant ECOLAB INC. ("Ecolab" or "Defendant") by and through their undersigned counsel.
3   Plaintiff and Ecolab are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, on June 11, 2012, Plaintiff filed an action in the United States District Court for the Northern District of California styled Cancilla v. Ecolab, Inc., Case No. CV 12 3001 CRB;

WHEREAS, Plaintiff claims, among other things, that Ecolab has misclassified Plaintiff as exempt from overtime requirements under the Fair Labor Standards Act ("FLSA") and, as a result, has not provided overtime compensation for overtime hours worked ("FLSA Claims");

WHEREAS, Plaintiff seeks to bring a nationwide FLSA collective action on behalf of all persons who are employed, or have been employed during the relevant time period, in the Service Specialist and Service Specialist Trainee positions who were, are, or will be classified by Ecolab as exempt from overtime pay under federal law" ("Prospective FLSA Collective Action");

WHEREAS, Ecolab denies that it has misclassified as exempt Plaintiff or other employees or engaged in any other unlawful employment practices and further denies that certification of any potential collective action is appropriate and further alleges that it classified Service Specialists Trainees as non exempt;

WHEREAS, the Parties have agreed that before Plaintiff moves to certify the above-referenced collective actions, the parties will explore the issue of whether Defendant's FLSA Section 7(i) affirmative defense is appropriate for summary judgment/adjudication;

WHEREAS, in order to facilitate the Parties' determination as to whether Defendant's FLSA Section 7(i) affirmative defense is appropriate for summary judgment/adjudication, and in order to facilitate any such motions, the Parties have also agreed to prioritize discovery related to the FLSA Section 7(i) exemption;

WHEREAS, the Parties have agreed that cross-motions for summary judgment will be filed on January 15, 2013 and that , Plaintiff will move for conditional certification of the Prospective FLSA Collective Action and for issuance of Court-facilitated *Hoffmann-LaRoche* notice ("Notice

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

STIPULATION RE TOLLING    3.    Case No. CV-12-3001 CRB

1  Motion") within 60 days of the Court ruling on the Parties' motions for summary
2  judgment/adjudication;
3        THEREFORE, the Parties stipulate and agree as follows:

## STIPULATION AND AGREEMENT

5      1.    Plaintiff will not file a Notice Motion until after the Court has ruled on any
6  summary judgment/adjudication as to the FLSA Section 7(i) exemption, and will file such Notice
7  Motion within 60 days of the Court ruling on any summary judgment/adjudication as to the FLSA
8  Section 7(i) exemption. In the event that neither Party has filed a summary judgment/adjudication as
9  to the FLSA Section 7(i) exemption by January 15, 2013, Plaintiff will file a Notice Motion within
10 60 days of January 15, 2013 (that is, by March 16, 2013).

11     2.    The statute of limitations under the FLSA applicable to Ecolab employees in
12 Service Specialist positions shall be tolled from October 12, 2012 through 60 days after the date the
13 Court rules on the motion(s) for summary judgment on 7(i). If the Court grants conditional
14 certification, notice goes out and a Service Specialist does not opt in to this matter within the time
15 required by the notice, then this tolling agreement is not applicable to said individual. If the Court
16 rules that section 7(i) is applicable to the Service Specialists then the tolling agreement as to the
17 FLSA statute of limitation shall cease immediately.

18     3.    This Stipulation and Order is without prejudice to Plaintiff moving the Court,
19 pursuant to the doctrine of equitable tolling, to toll the FLSA statute of limitations for periods before
20 October 12, 2012 or for the time period after tolling ceases pursuant to the provisions in paragraph 2.
21 Ecolab reserves the right to oppose any such motion. This Stipulation and Order is also without
22 prejudice to the Parties reaching any agreement about additional tolling.

23     4.    This Stipulation and Order will not have the effect of reviving any claims that
24 were time-barred as of October 12, 2012.

25     5.    This Stipulation and Order shall not be admissible for any purpose
26 whatsoever, other than for the purpose of enforcing the terms hereof, in any proceeding between
27 Ecolab and the Plaintiff and/or other individuals for whom the FLSA statute of limitations is tolled
28 pursuant to this Stipulation and Order.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATION RE TOLLING       4.      Case No. CV-12-3001 CRB

1         6.    This Stipulation and Order is not intended as, and shall not be construed to be, an admission by any party that any other party has or does not have a valid claim or defense.

       7.    This Stipulation and Order shall not become effective until approved and entered by the Court.

IT IS SO STIPULATED.

Dated: November 1, 2012

/s/ *Jody A. Landry*
JODY A. LANDRY
LINDSEY M. STEVENS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ECOLAB INC.

Dated: November 1, 2012

/s/ *John T. Mullan*
STEVEN G. ZIEFF
DAVID A. LOWE
JOHN T. MULLAN
RUDY EXELROD ZIEFF & LOWE LLP
Attorneys for Plaintiff
NICK CANCILLA

Firmwide:115765424.1 057118.1141

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATION RE TOLLING     5.     Case No. CV-12-3001 CRB

**ORDER**

The foregoing Stipulation is approved, and IT IS SO ORDERED.

DATED: Nov. 15, 2012          _____
Hon. Charles R. Breyer
United States District Judge



Firmwide:115765424.1 057118.1141

STIPULATION RE TOLLING                    6.                    Case No. CV-12-3001 CRB