1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NICK CANCILLA,                          No. C 12-03001 CRB

12          Plaintiff,                        **ORDER DENYING PLAINTIFF'S**
                                              **MOTION FOR PARTIAL SUMMARY**
13     v.                                     **JUDGMENT, GRANTING IN PART**
                                              **DEFENDANT'S MOTION FOR**
14   ECOLAB INC.,                             **PARTIAL SUMMARY JUDGMENT**

15          Defendant.

16   _____/

17          The parties in this collective action, Plaintiff Nick Cancilla and Defendant Ecolab,

18   Inc., have filed cross-motions for partial summary judgment.[1]  See P MSJ (dkt. 45); D MSJ

19   (dkt. 43).  Each asks the Court to determine whether Defendant, a pest elimination company,

20   properly withheld overtime from employees under 29 U.S.C. § 207(i) (hereinafter "Section

21   7(i)"), a retail sales exemption to the Fair Labor Standards Act (FLSA).  Because of a factual

22   dispute about how Plaintiff and others in his position were compensated, the Court denies

23   both parties' Motions as to the application of Section 7(i).  However, the Court finds

24   persuasive Defendant's argument as to the statute of limitations, and therefore GRANTS

25   Defendant's Motion in part.

26   //

27   //

28
     _____
             [1] The motions are for partial summary judgment because they pertain only to the FLSA claim.
     See P Opp'n (dkt. 51) at 19 n.9.

**United States District Court**
For the Northern District of California

**I.      LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  A principal purpose of the summary judgment procedure "is to isolate and dispose of factually unsupported claims."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

**II.     DISCUSSION**

As a general matter, the FLSA requires that employers pay employees overtime of at least one and a half times their regular rate of pay for hours worked in excess of 40 hours per week.  See Gieg v. DDR, Inc., 407 F.3d 1038, 1045 (9th Cir. 2005) (citing 29 U.S.C. § 207(a)(1)).  Some employees are not covered by overtime provisions, and it is the employers' burden to demonstrate that a particular exemption applies.  Id. (citing Donovan v. Nekton, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983) (per curiam)).  Exemptions are to be construed narrowly.  Id.  In this case, Defendant argues that Section 7(i) exempts it from paying overtime to Service Specialists like Plaintiff.  See generally D MSJ.  Defendant also argues that Plaintiff failed to timely file a consent to sue and has not proven willfulness, rendering his FLSA claim time-barred.  Id.

**A.      Section 7(i)**

The Court first addresses Defendant's argument as to the overtime exemption.  The FLSA excludes from the overtime provisions employees of (1) a "retail or service establishment" (2) whose regular rate of pay is more than one and a half times the minimum wage if (3) "more than half his compensation for a representative period (not less than one month) represents commissions on goods or services."  29 U.S.C. § 207(i).  Plaintiff argues

1    that Defendant does not meet any of the three requirements of the Section.  See generally P

2    MSJ.

3         The Court concludes that there is a genuine issue of material fact as to whether more

4    than half of Plaintiff's compensation represents commissions.  Section 7(i) provides that "[i]n

5    determining the proportion of compensation representing commissions, all earnings resulting

6    from the application of a bona fide commission rate shall be deemed commissions on goods

7    or services without regard to whether the computed commissions exceed the draw or

8    guarantee."  29 U.S.C. § 207(i) (emphasis added).  An employer's characterization of an

9    employee's pay as commission is not controlling.  See Gruchy v. DirecTech Delaware, Inc.,

10   No. 08-10755, 2010 WL 3835007, at *3 (D. Mass. Sept. 30, 2010).  Moreover, Congress did

11   not define the meaning of "bona fide commission rate."  See Spicer v. Pier Sixty LLC, 269

12   F.R.D. 321, 333 (S.D.N.Y. 2010).  Judge Armstrong held in Erichs v. Venator Group, Inc.,

13   128 F. Supp. 2d 1255, 1260-61 (N.D. Cal. 2001), that where there was "a real question" as to

14   "whether the Plan provided managers a meaningful opportunity to elect to work more hours

15   in exchange for higher pay," and the court had "serious questions" whether the Plan would

16   stimulate an increase in sales, there was a dispute of material fact as to whether the

17   commission rate was bona fide.

18        Similarly, here, Plaintiff argues that the vast majority of his "commission" earnings

19   came from "the provision of regular, predictable, monthly pest-elimination services pursuant

20   to long-term contracts," which are not bona fide commissions.  See P MSJ at 20.  Plaintiff

21   argues that, rather than being "inherently unpredictable," see Gieg, 407 F.3d at 1046,

22   "Plaintiff had no control over these monthly contract services, which provided him no

23   avenue to increase his compensation."  P MSJ at 20.  Defendant, however, asserts that a

24   Service Specialist's commission varied "based on a variety of factors, including the

25   productivity and efficiency of the Service Specialist, the Service Specialist's decisions

26   regarding the timing and scheduling of their route, and the Service Specialist's efforts and

27   success selling [Defendant's] products and services."  See Supp. Kielsa Decl. ¶ 6.  This

28

3

1    dispute of fact as to Service Specialists' ability to increase their compensation is material,

2    and prevents the Court from granting summary judgment to either party on Section 7(i).[2]

3        **B.    Consent and Willfulness**

4        The Court now turns to Defendant's argument that (1) Plaintiff failed to file a written

5    consent, and (2) Plaintiff failed to prove willfulness, which means that the statute of

6    limitations on his FLSA claim is two years.  <u>See generally</u> D MSJ.  If Defendant prevails on

7    both arguments, Plaintiff's FLSA claim is time-barred, as Plaintiff ceased working for

8    Defendant over two years ago.  <u>See</u> P Depo. at 181 (Plaintiff terminated August 18, 2010).

9        **1.    Notice of Consent**

10       To bring a collective action under the FLSA, a plaintiff must file a written signed

11   consent.  <u>See</u> 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action

12   unless he gives his consent in writing to become such a party and such consent is filed in the

13   court in which such action is brought.").  A collective action does not commence until a

14   written consent is filed.  <u>See</u> 29 U.S.C. § 256.[3]  The language of section 256 requires

15   consents to be filed even for a claimant specifically named as a party plaintiff in the

16   complaint.  29 U.S.C. § 256(a) (" . . . if he is specifically named as a party plaintiff . . .").

17   Thus, courts have consistently held that even named plaintiffs in collective actions must file

18   consents.  <u>See, e.g.</u>, <u>Frye v. Baptist Mem. Hosp., Inc.</u>, No. 11-5648, 2012 U.S. App. LEXIS

19   17791, at *19 (6th Cir. Aug. 21, 2012) ("courts construe the above language to do what it

20   says: require a named plaintiff in a collective action to file a written consent to join the

21   collective action."); <u>Harkins v. Riverboat Servs., Inc.</u>, 385 F.3d 1099, 1101 (7th Cir. 2004)

22   ("if you haven't given your written consent to join the suit, or if you have but it hasn't been

---

24       [2] The Court has considered, and rejects, Defendant's suggestion that an employee's ability to
25   increase his or her total pay is not a necessary component of a bona fide commission plan.  <u>See</u> D Reply
     (dkt. 52) at 11 .

26       [3] That section provides: "[i]n the case of a collective or class action instituted under the [FLSA],
27   it shall be considered to be commenced in the case of any individual claimant– (a) on the date when
     the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written
28   consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
     (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on
     which such written consent is filed in the court in which the action was commenced."

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1    filed with the court, you're not a party.  It makes no difference that you are named in the

2    complaint, for you might have been named without your consent.  The rule requiring written,

3    filed consent is important because a party is bound by whatever judgment is eventually

4    entered in the case. . . . We are inclined to interpret the statute literally."); <u>Royster v. Food

5    Lion</u>, Nos. 94-2360, 97-1443, 97-1444, 94-2645, 95-1274, 1998 U.S. App. LEXIS 11809, at

6    *40 (4th Cir. June 4, 1998) ("'[u]ntil a plaintiff, even a named plaintiff, has filed a written

7    consent, []he has not joined the class action, at least for statute of limitations purposes.'");

8    <u>see also</u> Schneider and Stine, 2 Wage and Hour Law § 20.19 (2012) ("Normally, by naming

9    plaintiffs in the complaint, the attorney is making the representation that counsel is

10   representing the named plaintiffs and they consent to the action.  However, if the attorney

11   purports to bring a collective action, the named plaintiffs need to file written consents.").

12   Judge Conti likewise found in <u>Chavez v. Lumber Liquidators, Inc.</u>, No. 09-4812, 2011 U.S.

13   Dist. LEXIS 27105, at *8 (N.D. Cal. Mar. 2, 2011), that "[t]he plain language of the statute .

14   . . makes clear that a FLSA collective action cannot proceed unless and until the named

15   plaintiff files a written consent with the court."[4]

16        Plaintiff brought this collective action under the FLSA in June 2012, on behalf of

17   himself and "all persons who are employed, or have been employed during the relevant time

18   period [defined as the three years before the filing of the Complaint] in the Service Specialist

19   . . . positions."  Compl. (dkt. 1).  In August 2012, Plaintiff filed an Amended Complaint,

20   bringing causes of action under the FLSA and California Business & Professions Code §

21   17200.  FAC (dkt. 20-1).  Plaintiff did not file an executed consent with either pleading,

22   filing one for the first time on February 13, 2013.  <u>See</u> Consent (dkt. 48).

23

24

25

26
_____
27      [4] The Ninth Circuit has apparently not addressed this issue.  The Court has considered and
     rejects Plaintiff's argument that named plaintiffs are exempt from filing consents, finding that the cases
     Plaintiff relies on overwhelmingly involve individual, not collective, actions under the FLSA.  <u>See</u> P
28   Opp'n at 22-23.  The Court has also considered and rejects Plaintiff's policy arguments against such a
     requirement; this Court does not make policy.

United States District Court
For the Northern District of California

1    The relation-back doctrine does not apply here.[5]  Nor will the Court apply equitable

2    tolling to Plaintiff's claim, as Plaintiff has asserted only that his counsel failed to file a

3    separate consent, see P Opp'n at 25, which is not an adequate showing.  See Stoll v. Runyon,

4    165 F.3d 1238, 1242 (9th Cir. 1999) ("[e]quitable tolling applies when the plaintiff is

5    prevented from asserting a claim by wrongful conduct on the part of the defendant, or when

6    extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim

7    on time."); Thomas v. Talyst, Inc., No. 07-202, 2008 U.S. Dist. LEXIS 15112, at *12-*14

8    (W.D. Wash. Feb. 28, 2008) (refusing to apply equitable tolling where Defendant engaged in

9    no wrongful conduct that prevented Plaintiff from asserting claims, and Plaintiff offered no

10   "non-negligent explanation" for his failure).  Accordingly, this case did not commence for

11   statute of limitations purposes until February 13, 2013.  See 29 U.S.C. § 256.

12              **2.      Willfulness**

13   The FLSA applies a two-year statute of limitations to overtime claims, but that may be

14   extended to three years if a plaintiff proves a willful violation.  29 U.S.C. § 255(a).  An

15   employer willfully violates the FLSA if it either knew that its actions were prohibited by the

16   FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA.

17   McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988).  Defendant argues that because

18   it relied on the English v. Ecolab, No. 06-5672, 2008 WL 878456 (S.D.N.Y. March 31,

19   2008) decision, which held that Defendant's Service Specialists are not entitled to overtime

20   pay under Section 7(i), it cannot have willfully violated the FLSA.  D MSJ at 11.  Plaintiff

21   conceded at the motion hearing that he has no independent evidence of willfulness, but

22   argued that Defendant's reliance on English alone demonstrates willfulness.  Plaintiff urged

23   that because the English decision was both incorrectly decided (per Plaintiff's reading of

24

25

26        [5] Per the statutory language, a case does not commence until the consent is filed. 29 U.S.C.
27   § 256; see also Ochoa v. Pearson Educ., Inc., 2012 U.S. Dist. LEXIS 3802, at *7 (D.N.J. Jan. 12, 2012)
     (collective action claims "cannot be rescued by the 'relation back' doctrine"); 2 Wage and Hour Law
28   § 20.19 ("Nor does the relation back provisions of Rule 15(c) seem to provide any relief to the unwary
     plaintiffs' counsel.  The Eighth Circuit has held, 'the relation-back doctrine must yield in ADEA cases
     to the specific provision of 29 U.S.C. § 256.").

United States District Court
For the Northern District of California

1   <u>Idaho Sheet Metal Works, Inc. v. Wirtz</u>, 383 U.S. 190 (1966)), and did not address each

2   element of Section 7(i),[6] it was unreasonable for Defendant to exclusively rely on it.

3         The Court rejects Plaintiff's argument.  In <u>SEIU v. County of San Diego</u>, 60 F.3d

4   1346, 1355-56 (9th Cir. 1995), the Ninth Circuit was unable to identify any knowing or

5   reckless conduct by a defendant where it had "relied on substantial legal authority" in

6   deciding "not to compensate for standing time as well as consulting experts and the DOL in

7   an attempt to comply with the law."  Here, although Plaintiff objects to <u>English</u> being out-of-

8   circuit and (like many decisions authored by district courts) unpublished, it was an extensive

9   and thorough decision about <u>precisely</u> the same defendant, <u>precisely</u> the same category of

10  employees, and <u>precisely</u> the same FLSA section as in this case.  In this Court's view, that

11  constitutes substantial legal authority in support of Defendant's treatment of Service

12  Specialists.  See <u>Fred Wolferman, Inc. v. Gustafson</u>, 169 F.2d 759, 765 (8th Cir. 1948)

13  (holding, in similar context, "the legal mind can hardly conceive of any more 'reasonable

14  grounds' for taking a particular course under a statute of unsettled construction than a

15  judicial decision on the precise question, made in an action to which one has been an

16  immediate party, which is relied on in good faith.").

17        That Plaintiff disagrees with the <u>English</u> court's analysis of what is no doubt a

18  complicated and somewhat unsettled area of law does not make Defendant's reliance on

19  <u>English</u> any less reasonable.  Lawyers can always argue that a case was wrongly decided.

20  But <u>English</u> was directly on-point.  If <u>English</u> had held that Service Specialists <u>were</u> entitled

21  to overtime pay, the Court would have viewed with skepticism an argument from Defendant

22  that, notwithstanding that holding, it need not pay overtime in light of other authority about a

23  different employer, in a different industry.  <u>English</u> concluded that Defendant's Service

24  Specialists are not entitled to such pay, and Defendant relied on that conclusion.

25

26

27  ───────────────

28      [6] Plaintiff is correct that in <u>English</u>, 2008 WL 878456, at *2, there was no dispute that two
requirements of Section 7(i) were satisfied, and so the court focused on the question of whether
Defendant was a retail or service establishment.

United States District Court
For the Northern District of California

1    The Ninth Circuit has instructed that it "will not presume that conduct was willful in

2  the absence of evidence." <u>Alvarez v. IBP, Inc.</u>, 339 F.3d 894, 909 (9th Cir. 2003).  Where it

3  has found willfulness, it has been on a far greater showing than Plaintiff makes here.  <u>See,</u>

4  <u>e.g.</u>, <u>id.</u> (noting that defendant was on notice of its FLSA obligations and "took no

5  affirmative action to assure compliance," going so far as to attempt "to evade compliance, or

6  to minimize the actions necessary to achieve compliance"); <u>see also</u> <u>Chao v. A-One Med.</u>

7  <u>Servs., Inc.</u>, 346 F.3d 908, 919 (9th Cir. 2003) ("[defendant's] prior FLSA violations,

8  especially when combined with the undisputed testimony of the former employees, prove, at

9  the very least, reckless disregard on the part of [defendant]"); <u>Hodgson v. Cactus Craft of</u>

10 <u>Arizona</u>, 481 F.2d 464, 467 (9th Cir. 1973) (finding willfulness where "[t]wo previous

11 investigations of [defendant's] labor practices resulted in warnings against further violations

12 of the FLSA.").  Here, in contrast to such cases, the only evidence at issue is the <u>English</u>

13 court's conclusion that Defendant's practices were lawful.  Reliance on such a finding does

14 not demonstrate reckless disregard for whether Defendant's conduct was prohibited by the

15 FLSA.  <u>See</u> <u>McLaughlin</u>, 486 U.S. at 135.  There is no dispute of fact on this issue.

16    Because Plaintiff did not file a consent until February 2013, and because Defendant's

17 reliance on <u>English</u> did not constitute "reckless disregard" for whether any violation of the

18 FLSA was willful, the statute of limitations on Plaintiff's FLSA claim stretches back only to

19 February 2011.  Plaintiff was no longer employed with Defendant at that point.  <u>See</u> P Depo.

20 at 181 (Plaintiff terminated August 18, 2010).  Accordingly, Plaintiff's FLSA claim is barred

21 by the statute of limitations.

22 **III.    CONCLUSION**

23    For the foregoing reasons, the Court DENIES Plaintiff's Motion and GRANTS IN

24 PART Defendant's Motion.

25    **IT IS SO ORDERED.**

26

27 Dated: April 3, 2013                                          _____
                                                                           CHARLES  R. BREYER
28                                                                      UNITED STATES DISTRICT JUDGE