JODY A. LANDRY, Bar No. 125743
jlandry@littler.com
LINDSEY M. STEVENS, Bar No. 265700
lstevens@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, California 92101.3577
Telephone:    619.232.0441
Facsimile:    619.232.4302

Attorneys for Defendant
ECOLAB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK CANCILLA; GREG JEWELL; DAVID BEAUSOLEIL; PATRICK SWEENEY; THOMAS JENNISON, MICHAEL EMANUEL; ROBERT BIRCH; KENNETH FORBES; BRIAN O'NEIL and FREDERICK SIMON, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC., a corporation,<br><br>Defendant. | Case No.  CV 12 3001 CRB<br><br>**ANSWER OF DEFENDANT ECOLAB INC. TO FOURTH AMENDED COMPLAINT**<br><br><br>Complaint Filed: June 11, 2012<br>SAC filed on June 3, 2013<br>TAC filed on October 15, 2013<br>FAC filed on March 27, 2014 |

Defendant ECOLAB INC. ("Defendant") for its answer to Plaintiff NICK CANCILLA'S, GREG JEWELL'S, DAVID BEAUSOLEIL'S, PATRICK SWEENEY'S, THOMAS JENNISON'S, MICHAEL EMANUEL'S; ROBERT BIRCH'S, KENNETH FORBES', BRIAN O'NEIL'S and FREDERICK SIMON'S (jointly "Plaintiffs") Fourth Amended Complaint ("Complaint") in the above-entitled civil action, denies each and every allegation and states as follows:

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

Case No.  CV 12 3001

## JURISDICTION AND VENUE

1.     Answering Paragraph 1 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant admits that there are over 100 individuals in the proposed class, and that some of the putative class members have a different citizenship than Defendant.   Defendant has insufficient information to admit or deny the remaining factual allegations in Paragraph 1 and on that basis denies each and every allegation in Paragraph 1.

2.     Answering Paragraph 2 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 2.

3.     Answering Paragraph 3 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 3.

4.     Answering Paragraph 4 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant admits that it does business within the Northern District of California.  Defendant denies all other allegations in Paragraph 4.

5.     Answering Paragraph 5 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 5.

6.     Answering Paragraph 6 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 6.

## SUMMARY OF CLAIMS

7.     Answering Paragraph 7 of the Complaint Defendant responds as follows:  Defendant admits that Plaintiffs are former employees who worked in its Pest Elimination Division.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 7.

///

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                    2.                    Case No.  CV 12 3001

**A. FLSA Claim for Service Specialists Nationwide.**

8.    Answering Paragraph 8 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  Defendant admits that it employs and has employed individuals, including Plaintiffs, as "Service Specialists" and "Select Segment Service Specialists" and/or "Senior Service Specialists" and that these positions are treated as exempt from overtime under the FLSA.  Defendant admits further that Plaintiffs seek to bring a collective action against it.   Except as so expressly admitted, Defendant denies each and every allegation in Paragraph 8.

9.    Answering Paragraph 9 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 9.

10.    Answering Paragraph 10 of the Complaint Defendant responds as follows: Defendant denies each and every allegation in Paragraph 10.

11.    Answering Paragraph 11 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 11.

**B. Claims Under California Law for Service Specialist Trainees in California.**

12.    Answering Paragraph 12 of the Complaint Defendant responds as follows: Defendant admits that Plaintiffs Cancilla and Jewell seek to bring a class and representative action against it on behalf of the "California Trainee Class."  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 12.

13.    Answering Paragraph 13 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  Defendant admits that Plaintiffs Cancilla and Jewell worked as "Service Specialist Trainees" for a short period of time. Defendant further states that when said Plaintiffs held that position they were nonexempt employees and eligible for overtime pay.  Defendant alleges that Plaintiff Cancilla did not report that he worked any overtime when he worked as a Trainee. Defendant alleges that Plaintiff Jewell admitted he was

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                3.                Case No.  CV 12 3001

1  compensated for the overtime he reported during the time he was employed as a Trainee.  Except as

2  so expressly admitted herein Defendant denies the remaining allegations in Paragraph 13.

3          14.     Answering Paragraph 14 of the Complaint Defendant responds as follows:  Defendant

4  denies each and every allegation in Paragraph 14.

5          15.     Answering Paragraph 15 of the Complaint Defendant responds as follows:  To the

6  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

7  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 15.

8          16.     Answering Paragraph 16 of the Complaint Defendant responds as follows:  To the

9  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

10 to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 16.

11     **C. Claims Under Washington Minimum Wage Act for Class of Service Specialists in**

12     **Washington State.**

13         17.     Answering Paragraph 17 of the Complaint Defendant responds as follows:  Defendant

14 admits that it employed Plaintiff Beausoleil in Washington State as a "Service Specialist" and then a

15 Senior Service Specialist at some point during the three years before he filed this lawsuit.  Except as

16 so expressly admitted herein Defendant denies the remaining allegations in Paragraph 17.

17         18.     Answering Paragraph 18 of the Complaint Defendant responds as follows:  To the

18 extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

19 to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 18.

20         19.     Answering Paragraph 19 of the Complaint Defendant responds as follows:  Defendant

21 denies each and every allegation in Paragraph 19.

22         20.     Answering Paragraph 20 of the Complaint Defendant responds as follows:  To the

23 extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

24 to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 20.

25         21.     Answering Paragraph 21 of the Complaint Defendant responds as follows:  To the

26 extent this Paragraph contains conclusions of law, no response is required.  Defendant denies each

27 and every allegation in Paragraph 21.

28 ///

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC                                                 4.                                      Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

**D. Claims Under Illinois Minimum Wage Law and the Illinois Wage Payment Collection Act for Class of Service Specialists in the State of Illinois.**

22.     Answering Paragraph 22 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff Flores in Illinois between 2008 and 2013 as a "Service Specialist" and then a "Senior Service Specialist".  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 23.

24.     Answering Paragraph 24 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 24.

25.     Answering Paragraph 25 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 25.

26.     Answering Paragraph 26 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  Defendant denies each and every allegation in Paragraph 26.

**E. Claims Under Missouri Minimum Wage Law for Class of Service Specialists in the State of Missouri.**

27.     Answering Paragraph 27 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff Birch in Missouri since 1993 as a "Service Specialist" and then a Senior Service Specialist.  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 27.

28.     Answering Paragraph 28 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 28.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

5.

Case No.  CV 12 3001

29.    Answering Paragraph 29 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 29.

**F. Claims Under the New York Minimum Wage Act for Class of Service Specialists in New York State.**

30.    Answering Paragraph 30 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff Jennison since 2009 in New York State as a "Service Specialist" and then a Senior Service Specialist.  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 30.

31.    Answering Paragraph 31 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 31.

32.    Answering Paragraph 32 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 32.

33.    Answering Paragraph 33 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 33.

**G. Claims Under the North Carolina Wage and Hour Act for a Class of Service Specialists in North Carolina.**

34.    Answering Paragraph 34 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff Emanuel in North Carolina between 2008 and 2012 as a "Select Segment Specialist" and then a Senior Service Specialist.  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 34.

35.    Answering Paragraph 35 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 35.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA  92101.3577
619.232.0441

36.   Answering Paragraph 36 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  Defendant denies each and every allegation in Paragraph 36.

37.   Answering Paragraph 37 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  Defendant denies each and every allegation in Paragraph 37.

**H. Claims Under Colorado Wage Act for Class of Service Specialists in Colorado.**

38.   Answering Paragraph 38 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff Forbes in Colorado since 1998 as a "Service Specialist" and then a Senior Service Specialist.  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 38.

39.   Answering Paragraph 39 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 39.

40.   Answering Paragraph 40 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 40.

**I. Claims Under Maryland Law for Class of Service Specialists in Maryland.**

41.   Answering Paragraph 41 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff Simon between 2011 to 2012 in Maryland as a "Service Specialist".  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 41.

42.   Answering Paragraph 42 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph  is deemed required, Defendant denies each and every allegation in Paragraph 42.

43.   Answering Paragraph 43 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 43.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619 232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

7.

Case No.  CV 12 3001

**J. Claims Under Wisconsin Overtime Law for Class of Service Specialists in Wisconsin.**

44.    Answering Paragraph 44 of the Complaint Defendant responds as follows:  Defendant admits that it employed Plaintiff O'Neill in Wisconsin between 2000 and 2011 as a "Service Specialist" and then a Senior Service Specialist.  Except as so expressly admitted herein Defendant denies the remaining allegations in Paragraph 44.

45.    Answering Paragraph 45 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 45.

46.    Answering Paragraph 46 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 46.

47.    Answering Paragraph 47 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 47.

## <u>PARTIES</u>

48.    Answering Paragraph 48 of the Complaint Defendant responds as follows:  Defendant admits that Plaintiff Cancilla worked for it first as a "Service Specialist Trainee" and then as a "Service Specialist" in the San Jose area between 2008 and 2010.  Except as so expressly admitted, Defendant denies each and every other allegation in Paragraph 48.

49.    Answering Paragraph 49 of the Complaint Defendant responds as follows:  Defendant admits that Plaintiff Jewell worked for it first as a "Service Specialist Trainee" and then as a "Service Specialist" between 2012 and February 2013 in the Palmdale area.  Except as so expressly admitted, Defendant denies each and every other allegation in Paragraph 49.

50.    Answering Paragraph 50 of the Complaint Defendant responds as follows:  Defendant admits that Plaintiff Beausoleil worked for it first as a "Service Specialist Trainee" and then as a "Service Specialist", and then as a Senior Service Specialist in Washington between 1997 and 2012. Except as so expressly admitted, Defendant denies each and every other allegation in Paragraph 50.

LITLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101-3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

8.

Case No.  CV 12 3001

1        51.    Answering Paragraph 51 of the Complaint Defendant responds as follows:  Defendant

2 admits that Plaintiff Sweeney worked for it first as a "Service Specialist Trainee" and then as a

3 "Service Specialist" in Georgia between late 2011 and early 2013.  Except as so expressly admitted,

4 Defendant denies each and every other allegation in Paragraph 51.

5        52.    Answering Paragraph 52 of the Complaint Defendant responds as follows:    To the

6 extent this Paragraph contains conclusions of law, no response is required.  Defendant admits that

7 the two mentioned Plaintiffs previously filed consents to sue in this action.  Except as so expressly

8 admitted, Defendant denies each and every other allegation in Paragraph 52.

9        53.    Answering Paragraph 53 of the Complaint Defendant responds as follows:  Defendant

10 admits that it employed Plaintiff Flores primarily in Chicago, Illinois between 2008 and 2013 as a

11 "Trainee" and later a "Service Specialist" and "Senior Service Specialist".   Except as so expressly

12 admitted, Defendant denies each and every other allegation in Paragraph 53.

13        54.    Answering Paragraph 54 of the Complaint Defendant responds as follows:  Defendant

14 admits that it employed Plaintiff Birch primarily in Saint Louis, Missouri since 1993 as a "Service

15 Specialist" and then a "Senior Service Specialist".  Except as so expressly admitted, Defendant

16 denies each and every other allegation in Paragraph 54.

17        55.    Answering Paragraph 55 of the Complaint Defendant responds as follows:  Defendant

18 admits that it employed Plaintiff Jennison since 2009 in New York primarily in New York City and

19 Log Island as a "Trainee" and later a "Service Specialist" and "Senior Service Specialist".  Except as

20 so expressly admitted, Defendant denies each and every other allegation in Paragraph 55.

21        56.    Answering Paragraph 56 of the Complaint Defendant responds as follows:  Defendant

22 admits that it employed Plaintiff Emanuel in North Carolina primarily in the southwest region

23 between January 1, 2008 and 2012 as a "Trainee" and later a "Service Specialist" and "Senior

24 Service Specialist". Except as so expressly admitted, Defendant denies each and every other

25 allegation in Paragraph 56.

26        57.    Answering Paragraph 57 of the Complaint Defendant responds as follows Defendant

27 admits that it employed Plaintiff Forbes in the central region of Colorado since 1998 as a "as a

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

9.

Case No.  CV 12 3001

1  "Trainee" and later a "Service Specialist" and "Senior Service Specialist".  Except as so expressly

2  admitted, Defendant denies each and every other allegation in Paragraph 57.

3       58.    Answering Paragraph 58 of the Complaint Defendant responds as follows:  Defendant

4  admits that it employed Plaintiff Simon between 2011 to 2012 in mostly the Waldorf, Maryland area

5  as a "Trainee" and later a "Service Specialist".  Except as so expressly admitted, Defendant denies

6  each and every other allegation in Paragraph 58.

7       59.    Answering Paragraph 26 of the Complaint Defendant responds as follows:

8  Defendant admits that it employed Plaintiff O'Neill in Wisconsin between 2000 and 2011 as a

9  "Trainee" and later a "Service Specialist" and "Senior Service Specialist". Except as so expressly

10  admitted, Defendant denies each and every other allegation in Paragraph 59.

11       60.    Answering Paragraph 60 of the Complaint Defendant responds as follows:  Defendant

12  admits that it is headquartered in St. Paul, Minnesota and that it has locations in California.

13  Defendant further admits that it provides a variety of services to its customers, including pest

14  elimination services, and that its global sales in 2011 were over $6 billion.  Defendant also admits

15  that Plaintiff has filed this action against "Ecolab, Inc.", which is correctly referred to as Ecolab Inc.

16  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 60.

17  **GENERAL FACTS AND ALLEGATIONS**

18       61.    Answering Paragraph 61 of the Complaint Defendant responds as follows:  Defendant

19  incorporates its responses to Plaintiffs' allegations in paragraphs 1-60, above, as set forth fully

20  herein.

21       62.    Answering Paragraph 62 of the Complaint Defendant responds as follows:  To the

22  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

23  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 62.

24       63.    Answering Paragraph 63 of the Complaint Defendant responds as follows:  To the

25  extent this Paragraph contains conclusions of law, no response is required.  Defendant admits that

26  Plaintiffs were its "employees" at various relevant times. Except as so expressly admitted Defendant

27  denies each and every other allegation in Paragraph 63.

28       64.    Answering Paragraph 64 of the Complaint Defendant responds as follows:  Defendant

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

10.

Case No.  CV 12 3001

admits that it provides a variety of services to its customers, including pest elimination services, and that it employs "Service Specialists" and "Service Specialist Trainees." Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 64.

65.    Answering Paragraph 65 of the Complaint Defendant responds as follows:  Defendant admits that it employed more than 200 individuals as trainees in California during the relevant time period. Defendant also admits that it employed at least 1,000 "Service Specialists" outside of California.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 65.

**Plaintiffs Cancilla and Jewell and the California Trainee Class**

66.    Answering Paragraph 66 of the Complaint Defendant responds as follows:  Defendant admits that when Plaintiffs Cancilla and Jewell were employed as "Service Specialist Trainees," that they were nonexempt employees paid a salary and that they were overtime eligible.  Defendant alleges that Plaintiff Cancilla did not report that he worked any overtime when he worked as a Trainee. Defendant alleges that Plaintiff Jewell admitted he was paid for overtime he reported as a Trainee.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 66.

67.    Answering Paragraph 67 of the Complaint Defendant responds as follows:  Defendant admits that some of Plaintiffs' job duties as a "Service Specialist Trainee" required them to attend training regarding pest elimination services and to perform pest elimination services.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 67.

68.    Answering Paragraph 68 of the Complaint Defendant responds as follows:  Defendant states that when Plaintiffs Cancilla and Jewell were employed as a "Service Specialist Trainee" they were nonexempt employees paid on salary, plus overtime basis.  Defendant alleges that Plaintiff Cancilla did not report that he worked any overtime when he worked as a Trainee. Defendant alleges that Plaintiff Jewell admitted he was paid for all overtime he reported while working as a Trainee. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 68.

69.    Answering Paragraph 69 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  Defendant admits that

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC                          11.                          Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

1   Plaintiff Cancilla never reported that he worked overtime hours when he was a Trainee and as such
2   any such alleged hours worked did not appear on his earnings statements when he was a Trainee.
3   For that reason, the semi-monthly earnings statements that Plaintiff Cancilla received when he was a
4   Trainee listed 86.67 hours.  Defendant alleges that Plaintiff Jewell reported and was paid overtime
5   during the time he worked as a Trainee. Except as so expressly admitted and to the extent a response
6   to this Paragraph is deemed required, Defendant denies each and every other allegation in Paragraph
7   69.

8          70.    Answering Paragraph 70 of the Complaint Defendant responds as follows:  Defendant
9   admits that Plaintiffs received earnings statements.  Defendant alleges that Plaintiff Cancilla did not
10  report that he worked any overtime when he worked as a Trainee.  Defendant alleges that Plaintiff
11  Jewell reported and was paid overtime during the time he worked as a Trainee and that Plaintiff
12  Jewell admitted he was paid for overtime he reported as a Trainee.  Except as so expressly admitted
13  Defendant denies each and every other allegation in Paragraph 70.

14         71.    Answering Paragraph 71 of the Complaint Defendant responds as follows:  To the
15  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response
16  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 71.

17         72.    Answering Paragraph 72 of the Complaint Defendant responds as follows:  Defendant
18  admits that California "Service Specialist Trainees" perform some similar job duties in that they
19  must attend similar training and are all classified Defendant as nonexempt employees who are
20  eligible for overtime.  Except as so expressly admitted Defendant denies each and every other
21  allegation in Paragraph 72.

22         **Plaintiff Beausoleil and the Washington Class**

23         73.    Answering Paragraph 73 of the Complaint Defendant responds as follows:  Plaintiff
24  Beausoleil was employed as a "Service Specialist," that some customer account contracts were
25  negotiated by others, and that he had assigned accounts to call on to perform services, in addition to
26  other job duties.  Except as so expressly admitted Defendant denies each and every other allegation
27  in Paragraph 73.

28         74.    Answering Paragraph 74 of the Complaint Defendant responds as follows:  Plaintiff

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC                                                   12.                          Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

Beausoleil was employed as a "Service Specialist," was paid a monthly salary and earned commissions, including commissions on the "upselling" of certain services and products.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 74.

75.    Answering Paragraph 75 of the Complaint Defendant responds as follows:  Plaintiff Beausoleil was employed as a "Service Specialist."  While in that position he was classified as an exempt employee.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 75.

76.    Answering Paragraph 76 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 76.

77.    Answering Paragraph 77 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 77.

78.    Answering Paragraph 78 of the Complaint Defendant responds as follows:  Plaintiff Beausoleil was employed as a "Service Specialist."  Employees who hold this position are classified as exempt employees in the state of Washington.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 78.

**Plaintiff Flores and the Illinois Class**

79.    Answering Paragraph 79 of the Complaint Defendant responds as follows:  Plaintiff Flores was employed as a "Service Specialist," that some customer account contracts were negotiated by others, and that he had assigned accounts to call on to perform services, in addition to other job duties.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 79.

80.    Answering Paragraph 80 of the Complaint Defendant responds as follows:  Plaintiff Flores was employed as a "Service Specialist," was paid a monthly salary and earned commissions, including commissions on the "upselling" of certain services and products.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 80.

81.    Answering Paragraph 81 of the Complaint Defendant responds as follows:  Plaintiff

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA. 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

13.

Case No.  CV 12 3001

1   Flores was employed as a "Service Specialist." While in that position he was classified as an exempt

2   employee. Except as so expressly admitted Defendant denies each and every other allegation in

3   Paragraph 81.

4       82.   Answering Paragraph 82 of the Complaint Defendant responds as follows:  To the

5   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

6   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 82.

7       83.   Answering Paragraph 83 of the Complaint Defendant responds as follows:  Plaintiff

8   Flores was employed as a "Service Specialist."  Employees who hold this position are classified as

9   exempt employees in the state of Illinois.  To the extent this Paragraph contains conclusions of law,

10   no response is required.  To the extent a response to this Paragraph is deemed required, Defendant

11   denies each and every allegation in Paragraph 83.

12   **Plaintiff Birch and the Missouri Class**

13       84.   Answering Paragraph 84 of the Complaint Defendant responds as follows:  Plaintiff

14   Birch was employed as a "Service Specialist," that some customer account contracts were negotiated

15   by others, and that he had assigned accounts to call on to perform services, in addition to other job

16   duties.  Except as so expressly admitted Defendant denies each and every other allegation in

17   Paragraph 84.

18       85.   Answering Paragraph 85 of the Complaint Defendant responds as follows:  Plaintiff

19   Birch was employed as a "Service Specialist," was paid a monthly salary and earned commissions,

20   including commissions on the "upselling" of certain services and products.  Except as so expressly

21   admitted Defendant denies each and every other allegation in Paragraph 85.

22       86.   Answering Paragraph 86 of the Complaint Defendant responds as follows:  Plaintiff

23   Birch was employed as a "Service Specialist." While in that position he was classified as an exempt

24   employee.  Except as so expressly admitted Defendant denies each and every other allegation in

25   Paragraph 86.

26       87.   Answering Paragraph 87 of the Complaint Defendant responds as follows:  To the

27   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

28   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 87.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                    14.                    Case No.  CV 12 3001

88.     Answering Paragraph 88 of the Complaint Defendant responds as follows:  Plaintiff Birch was employed as a "Service Specialist."  Employees who hold this position are classified as exempt employees in the state of Missouri.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 88.

**Plaintiff Jennison and the New York Class**

89.     Answering Paragraph 89 of the Complaint Defendant responds as follows:  Plaintiff Jennison was employed as a "Service Specialist," that some customer account contracts were negotiated by others, and that he had assigned accounts to call on to perform services, in addition to other job duties.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 89.

90.     Answering Paragraph 90 of the Complaint Defendant responds as follows:  Plaintiff Jennison was employed as a "Service Specialist," was paid a monthly salary and earned commissions, including commissions on the "upselling" of certain services and products.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 90.

91.     Answering Paragraph 91 of the Complaint Defendant responds as follows:  Plaintiff Jennison was employed as a "Service Specialist."  While in that position he was classified as an exempt employee.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 91.

92.     Answering Paragraph 92 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 92.

93.     Answering Paragraph 93 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 93.

94.     Answering Paragraph 94 of the Complaint Defendant responds as follows:  Plaintiff Jennison was employed as a "Service Specialist."  Employees who hold this position are classified as exempt employees in the state of New York.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 94.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA  92101 3577
619.232.0441

ANSWER TO FAC
Finmwide:126131406.1 057118.1141

15.

Case No.  CV 12 3001

**Plaintiff Emanuel and the North Carolina Class**

95.   Answering Paragraph 95 of the Complaint Defendant responds as follows: Plaintiff Emanuel was employed as a "Service Specialist," that some customer account contracts were negotiated by others, and that he had assigned accounts to call on to perform services, in addition to other job duties.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 95.

96.   Answering Paragraph 96 of the Complaint Defendant responds as follows: Plaintiff Emanuel was employed as a "Service Specialist," was paid a monthly salary and earned commissions, including commissions on the "upselling" of certain services and products.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 96.

97.   Answering Paragraph 97 of the Complaint Defendant responds as follows: Plaintiff Emanuel was employed as a "Service Specialist."  While in that position he was classified as an exempt employee.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 97.

98.   Answering Paragraph 98 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 98.

99.   Answering Paragraph 99 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 99.

100.   Answering Paragraph 100 of the Complaint Defendant responds as follows: Plaintiff Emanuel was employed as a "Service Specialist."  Employees who hold this position are classified as exempt employees in the state of North Carolina.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 100.

**Plaintiff Forbes and the Colorado Class**

101.   Answering Paragraph 101 of the Complaint Defendant responds as follows: Plaintiff Forbes was employed as a "Service Specialist," that some customer account contracts were negotiated by others, and that he had assigned accounts to call on to perform services, in addition to

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

16.

Case No.  CV 12 3001

1   other job duties.  Except as so expressly admitted Defendant denies each and every other allegation
2   in Paragraph 101.

3        102.   Answering Paragraph 102 of the Complaint Defendant responds as follows:  Plaintiff
4   Forbes was employed as a "Service Specialist," was paid a monthly salary and earned commissions,
5   including commissions on the "upselling" of certain services and products.  Except as so expressly
6   admitted Defendant denies each and every other allegation in Paragraph 102.

7        103.   Answering Paragraph 103 of the Complaint Defendant responds as follows:  Plaintiff
8   Forbes was employed as a "Service Specialist."  While in that position he was classified as an
9   exempt employee.  Except as so expressly admitted Defendant denies each and every other
10  allegation in Paragraph 103.

11       104.   Answering Paragraph 104 of the Complaint Defendant responds as follows:  Plaintiff
12  Forbes was employed as a "Service Specialist."  Employees who hold this position are classified as
13  exempt employees in the state of Colorado.  Except as so expressly admitted Defendant denies each
14  and every other allegation in Paragraph 104.

15  **Plaintiff Simon and the Maryland Class**

16       105.   Answering Paragraph 105 of the Complaint Defendant responds as follows:  Plaintiff
17  Simon was employed as a "Service Specialist," that some customer account contracts were
18  negotiated by others, and that he had assigned accounts to call on to perform services, in addition to
19  other job duties.  Except as so expressly admitted Defendant denies each and every other allegation
20  in Paragraph 105.

21       106.   Answering Paragraph 106 of the Complaint Defendant responds as follows:  Plaintiff
22  Simon was employed as a "Service Specialist," was paid a monthly salary and earned commissions,
23  including commissions on the "upselling" of certain services and products.  Except as so expressly
24  admitted Defendant denies each and every other allegation in Paragraph 106.

25       107.   Answering Paragraph 107 of the Complaint Defendant responds as follows:  Plaintiff
26  Simon was employed as a "Service Specialist."  While in that position he was classified as an
27  exempt employee.  Except as so expressly admitted Defendant denies each and every other
28  allegation in Paragraph 107.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

17.

Case No.  CV 12 3001

1    108.   Answering Paragraph 108 of the Complaint Defendant responds as follows:  To the

2    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

3    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 108.

4    109.   Answering Paragraph 109 of the Complaint Defendant responds as follows:  Plaintiff

5    Simon was employed as a "Service Specialist."  Employees who hold this position are classified as

6    exempt employees in the state of Maryland.  Except as so expressly admitted Defendant denies each

7    and every other allegation in Paragraph 109.

8    **Plaintiff O'Neil and the Wisconsin Class**

9    110.   Answering Paragraph 110 of the Complaint Defendant responds as follows:  Plaintiff

10   O'Neil was employed as a "Service Specialist," that some customer account contracts were

11   negotiated by others, and that he had assigned accounts to call on to perform services, in addition to

12   other job duties.  Except as so expressly admitted Defendant denies each and every other allegation

13   in Paragraph 110.

14   111.   Answering Paragraph 111 of the Complaint Defendant responds as follows:  Plaintiff

15   O'Neil was employed as a "Service Specialist," was paid a monthly salary and earned commissions,

16   including commissions on the "upselling" of certain services and products.  Except as so expressly

17   admitted Defendant denies each and every other allegation in Paragraph 111.

18   112.   Answering Paragraph 112 of the Complaint Defendant responds as follows:  Plaintiff

19   O'Neil was employed as a "Service Specialist."  While in that position he was classified as an

20   exempt employee.  Except as so expressly admitted Defendant denies each and every other

21   allegation in Paragraph 112.

22   113.   Answering Paragraph 113 of the Complaint Defendant responds as follows:  To the

23   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

24   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 113.

25   114.   Answering Paragraph 114 of the Complaint Defendant responds as follows:  Plaintiff

26   O'Neil was employed as a "Service Specialist."  Employees who hold this position are classified as

27   exempt employees in the state Wisconsin.  Except as so expressly admitted Defendant denies each

28   and every other allegation in Paragraph 114.

TILER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC                                    18.                        Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

**Plaintiff Sweeney and the Nationwide FLSA Collective Action**

115.   Answering Paragraph 115 of the Complaint Defendant responds as follows:  Plaintiff Sweeney was employed as a "Service Specialist," that some customer account contracts were negotiated by others, and that he had assigned accounts to call on to perform services, in addition to other job duties.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 115.

116.   Answering Paragraph 116 of the Complaint Defendant responds as follows:  Plaintiff Sweeney was employed as a "Service Specialist," was paid a monthly salary and earned commissions, including commissions on the "upselling" of certain services and products.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 116.

117.   Answering Paragraph 117 of the Complaint Defendant responds as follows:  Plaintiff Sweeney was employed as a "Service Specialist."  While in that position he was classified as an exempt employee.   Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 117.

118.   Answering Paragraph 118 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 118.

119.   Answering Paragraph 119 of the Complaint Defendant responds as follows:  Plaintiffs Beausoleil and Sweeney were employed as a "Service Specialists."  While in that position they were classified as exempt employees.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 119.

## FLSA COLLECTIVE ACTION ALLEGATIONS

120.   Answering Paragraph 120 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-119, above, as set forth fully herein.

121.   Answering Paragraph 121 of the Complaint Defendant responds as follows: Defendant admits that Plaintiffs Beausoleil and Sweeney seek to bring a collective action against it. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 121.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                    19.                    Case No.  CV 12 3001

122.   Answering Paragraph 122 of the Complaint Defendant responds as follows: Defendant admits that Plaintiffs Beausoleil and Sweeney were both "Service Specialists." Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 122.

123.   Answering Paragraph 123 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 123.

## CALIFORNIA CLASS ACTION ALLEGATIONS

124.   Answering Paragraph 124 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-123, above, as set forth fully herein.

125.   Answering Paragraph 125 of the Complaint Defendant responds as follows: Defendant admits that Plaintiffs Cancilla and Jewell were employed as "Service Specialist Trainees" in California and that they seek to represent the California Trainee Class.   Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 125.

126.   Answering Paragraph 126 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff Jewell was employed as a "Service Specialist Trainee" in California and that he seeks to represent the "California Trainee Subclass." Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 126.

127.   Answering Paragraph 127 of the Complaint Defendant responds as follows: Plaintiffs Cancilla and Jewell were employed as "Service Specialist Trainees" in California and that they seek to represent the California Trainee Class and that Plaintiff Jewell seeks to represent the California Trainee Subclass against it. To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 127 including subparagraphs (a) – (e).

128.   Answering Paragraph 128 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 128.

129.   Answering Paragraph 129 of the Complaint Defendant responds as follows: To the

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA. 92101 3577
619.232.0441

ANSWER TO FAC                                              20.                              Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

1    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

2    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 129.

3         130.  Answering Paragraph 130 of the Complaint Defendant responds as follows:  To the

4    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

5    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 130.

6         131.  Answering Paragraph 131 of the Complaint Defendant responds as follows:  To the

7    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

8    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 131.

9                    **WASHINGTON CLASS ACTION ALLEGATIONS**

10        132.  Answering Paragraph 132 of the Complaint Defendant responds as follows:

11   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-131, above, as set

12   forth fully herein.

13        133.  Answering Paragraph 133 of the Complaint Defendant responds as follows:

14   Defendant admits that Plaintiff Beausoleil was a "Service Specialist" in Washington.  Except as so

15   expressly admitted Defendant denies each and every other allegation in Paragraph 133.

16        134.  Answering Paragraph 134 of the Complaint Defendant responds as follows:

17   Defendant admits that Plaintiff Beausoleil seeks to bring a representative action against it.  Except as

18   so expressly admitted Defendant denies each and every other allegation in Paragraph 134 including

19   in subparagraphs (a) – (f).

20        135.  Answering Paragraph 135 of the Complaint Defendant responds as follows:  To the

21   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

22   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 135.

23        136.  Answering Paragraph 136 of the Complaint Defendant responds as follows:  To the

24   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

25   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 136.

26        137.  Answering Paragraph 137 of the Complaint Defendant responds as follows:  To the

27   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

28   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 137.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC                                    21.                              Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

1    138.  Answering Paragraph 138 of the Complaint Defendant responds as follows:  To the

2    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

3    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 138.

4    ## ILLINOIS CLASS ACTION ALLEGATIONS

5    139.  Answering  Paragraph  139  of  the  Complaint  Defendant  responds  as  follows:

6    Defendant  incorporates  its  responses  to  Plaintiffs' allegations  in  paragraphs  1-138,  above,  as  set

7    forth fully herein.

8    140.  Answering  Paragraph  140  of  the  Complaint  Defendant  responds  as  follows:

9    Defendant admits that Plaintiff Flores was a "Service Specialist" in Illinois. Except as so expressly

10   admitted Defendant denies each and every other allegation in Paragraph 140.

11   141.  Answering  Paragraph  141  of  the  Complaint  Defendant  responds  as  follows:

12   Defendant admits that Plaintiff Flores seeks to bring a representative action against it.  Except as so

13   expressly admitted Defendant denies each and every other allegation in Paragraph 141 including in

14   subparagraphs (a) – (e).

15   142.  Answering Paragraph 142 of the Complaint Defendant responds as follows:  To the

16   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

17   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 142.

18   143.  Answering Paragraph 143 of the Complaint Defendant responds as follows:  To the

19   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

20   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 143.

21   144.  Answering Paragraph 144 of the Complaint Defendant responds as follows:  To the

22   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

23   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 144.

24   145.  Answering Paragraph 145 of the Complaint Defendant responds as follows:  To the

25   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

26   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 145.

27   ## MISSOURI CLASS ACTION ALLEGATIONS

28   146.  Answering  Paragraph  146  of  the  Complaint  Defendant  responds  as  follows:

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
In Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

22.

Case No.  CV 12 3001

1   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-145 above, as set forth
2   fully herein.
3           147.   Answering Paragraph 147 of the Complaint Defendant responds as follows:
4   Defendant admits that Plaintiff Birch was a "Service Specialist" in Missouri. Except as so expressly
5   admitted Defendant denies each and every other allegation in Paragraph 147.
6           148.   Answering Paragraph 148 of the Complaint Defendant responds as follows:
7   Defendant admits that Plaintiff Birch seeks to bring a representative action against it.  Except as so
8   expressly admitted Defendant denies each and every other allegation in Paragraph 148 including in
9   subparagraphs (a) – (c).
10          149.   Answering Paragraph 149 of the Complaint Defendant responds as follows:  To the
11  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response
12  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 149.
13          150.   Answering Paragraph 150 of the Complaint Defendant responds as follows:  To the
14  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response
15  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 150.
16          151.   Answering Paragraph 151 of the Complaint Defendant responds as follows:  To the
17  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response
18  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 151.
19          152.   Answering Paragraph 152 of the Complaint Defendant responds as follows:  To the
20  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response
21  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 152.
22                          **NEW YORK CLASS ACTION ALLEGATIONS**
23          153.   Answering Paragraph 153 of the Complaint Defendant responds as follows:
24  Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-152, above, as set
25  forth fully herein.
26          154.   Answering Paragraph 64 of the Complaint Defendant responds as follows:  Defendant
27  admits that Plaintiff Jennison was a "Service Specialist" in New York. Except as so expressly
28  admitted Defendant denies each and every other allegation in Paragraph 154.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC                                    23.                        Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

1    155.   Answering Paragraph 155 of the Complaint Defendant responds as follows:

2    Defendant admits that Plaintiff Jennison seeks to bring a representative action against it.  Except as

3    so expressly admitted Defendant denies each and every other allegation in Paragraph 155 including

4    in subparagraphs (a) – (d).

5    156.   Answering Paragraph 156 of the Complaint Defendant responds as follows:  To the

6    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

7    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 156.

8    157.   Answering Paragraph 157 of the Complaint Defendant responds as follows:  To the

9    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

10   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 157.

11   158.   Answering Paragraph 158 of the Complaint Defendant responds as follows:  To the

12   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

13   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 158.

14   159.   Answering Paragraph 159 of the Complaint Defendant responds as follows:  To the

15   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

16   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 159.

17   **NORTH CAROLINA CLASS ACTION ALLEGATIONS**

18   160.   Answering Paragraph 160 of the Complaint Defendant responds as follows:

19   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-159, above, as set

20   forth fully herein.

21   161.   Answering Paragraph 161 of the Complaint Defendant responds as follows:

22   Defendant admits that Plaintiff Emanuel was a "Service Specialist" in North Carolina.  Except as so

23   expressly admitted Defendant denies each and every other allegation in Paragraph 161.

24   162.   Answering Paragraph 162 of the Complaint Defendant responds as follows:

25   Defendant admits that Plaintiff Emanuel seeks to bring a representative action against it.  Except as

26   so expressly admitted Defendant denies each and every other allegation in Paragraph 162 including

27   in subparagraphs (a) – (c).

28   163.   Answering Paragraph 163 of the Complaint Defendant responds as follows:  To the

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101-3577
619.232.0441

1  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

2  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 163.

3      164.  Answering Paragraph 164 of the Complaint Defendant responds as follows:  To the

4  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

5  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 164.

6      165.  Answering Paragraph 165 of the Complaint Defendant responds as follows:  To the

7  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

8  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 165.

9      166.  Answering Paragraph 166 of the Complaint Defendant responds as follows:  To the

10  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

11  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 166.

12  **COLORADO CLASS ACTION ALLEGATIONS**

13      167.  Answering Paragraph 167 of the Complaint Defendant responds as follows:

14  Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-166, above, as set

15  forth fully herein.

16      168.  Answering Paragraph 168 of the Complaint Defendant responds as follows:

17  Defendant admits that Plaintiff Forbes was a "Service Specialist" in Colorado.  Except as so

18  expressly admitted Defendant denies each and every other allegation in Paragraph 168.

19      169.  Answering Paragraph 169 of the Complaint Defendant responds as follows:

20  Defendant admits that Plaintiff Forbes seeks to bring a representative action against it.  Except as so

21  expressly admitted Defendant denies each and every other allegation in Paragraph 169 including in

22  subparagraphs (a) – (d).

23      170.  Answering Paragraph 170 of the Complaint Defendant responds as follows:  To the

24  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

25  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 170.

26      171.  Answering Paragraph 171 of the Complaint Defendant responds as follows:  To the

27  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

28  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 171.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

25.

Case No.  CV 12 3001

172.  Answering Paragraph 172 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 172.

173.  Answering Paragraph 173 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 173.

### WISCONSIN CLASS ACTION ALLEGATIONS

174.  Answering Paragraph 174 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-173, above, as set forth fully herein.

175.  Answering Paragraph 175 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff O'Neil was a "Service Specialist" in Wisconsin. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 175.

176.  Answering Paragraph 176 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff O'Neil seeks to bring a representative action against it.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 176 including in subparagraphs (a) – (d).

177.  Answering Paragraph 177 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 177.

178.  Answering Paragraph 178 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 178.

179.  Answering Paragraph 179 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 179.

180.  Answering Paragraph 180 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 180.

<h3 align="center">MARYLAND CLASS ACTION ALLEGATIONS</h3>

181.  Answering Paragraph 181 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-180, above, as set forth fully herein.

182.  Answering Paragraph 182 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff Simon was a "Service Specialist" in Maryland. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 182.

183.  Answering Paragraph 183 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff Simon seeks to bring a representative action against it. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 183 including in subparagraphs (a) – (c).

184.  Answering Paragraph 184 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 184.

185.  Answering Paragraph 185 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 185.

186.  Answering Paragraph 186 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 186.

187.  Answering Paragraph 187 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 187.

<h3 align="center">FIRST CAUSE OF ACTION</h3>

**(FLSA Overtime Violations, 29 U.S.C. §§201 *et seq.*, Brought by Plaintiffs Beausoleil and Sweeney on Behalf of Themselves and the Nationwide FLSA Collective Action Members)**

188.  Answering Paragraph 188 of the Complaint Defendant responds as follows:

Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-187, above, as set forth fully herein.

189. Answering Paragraph 189 of the Complaint Defendant responds as follows: Defendant admits that Plaintiffs Beausoleil and Sweeney are "employees." Defendant admits further that its gross revenues exceed $500,000. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 189.

190. Answering Paragraph 190 of the Complaint Defendant responds as follows: Defendant admits that Plaintiffs previously filed their consent to sue. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 190.

191. Answering Paragraph 191 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 191.

192. Answering Paragraph 192 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 192.

193. Answering Paragraph 193 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 193.

194. Answering Paragraph 194 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 194.

195. Answering Paragraph 195 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 195.

196. Answering Paragraph 196 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 196.

197. Answering Paragraph 197 of the Complaint Defendant responds as follows: To the

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

28.

Case No.  CV 12 3001

1   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

2   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 197.

3       198.  Answering Paragraph 198 of the Complaint Defendant responds as follows:  To the

4   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

5   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 198.

6                        **SECOND CAUSE OF ACTION**

7   **(California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 *et seq.*, Brought by
Plaintiffs Cancilla and Jewell, on Behalf of Themselves and the California Trainee Class)**

8       199.  Answering Paragraph 199 of the Complaint Defendant responds as follows:

9   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-199, above, as set

10  forth fully herein.

11      200.  Answering Paragraph 200 of the Complaint Defendant responds as follows:  To the

12  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

13  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 200.

14      201.  Answering Paragraph 201 of the Complaint Defendant responds as follows:  To the

15  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

16  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 201.

17      202.  Answering Paragraph 202 of the Complaint Defendant responds as follows:  To the

18  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

19  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 202.

20      203.  Answering Paragraph 203 of the Complaint Defendant responds as follows:  To the

21  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

22  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 203.

23      204.  Answering Paragraph 204 of the Complaint Defendant responds as follows:  To the

24  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

25  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 204.

26      205.  Answering Paragraph 205 of the Complaint Defendant responds as follows:  To the

27  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                    29.                    Case No.  CV 12 3001

1   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 205.

2        206. Answering Paragraph 206 of the Complaint Defendant responds as follows: To the

3   extent this Paragraph contains conclusions of law, no response is required. To the extent a response

4   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 206.

5        **THIRD CAUSE OF ACTION**

6   **(California Labor Code §§510, 1194, Brought by Plaintiff Jewell, on Behalf of Himself and the California Trainee Class)**

7        207. Answering Paragraph 207 of the Complaint Defendant responds as follows:

8   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-206, above, as set

9   forth fully herein.

10        208. Answering Paragraph 208 of the Complaint Defendant responds as follows: To the

11   extent this Paragraph contains conclusions of law, no response is required. To the extent a response

12   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 208.

13        209. Answering Paragraph 209 of the Complaint Defendant responds as follows: To the

14   extent this Paragraph contains conclusions of law, no response is required. To the extent a response

15   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 209.

16        210. Answering Paragraph 210 of the Complaint Defendant responds as follows: To the

17   extent this Paragraph contains conclusions of law, no response is required. To the extent a response

18   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 210.

19        211. Answering Paragraph 211 of the Complaint Defendant responds as follows: To the

20   extent this Paragraph contains conclusions of law, no response is required. To the extent a response

21   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 211.

22        **FOURTH CAUSE OF ACTION**

23   **(California Labor Code §§226, 1174, Brought by Plaintiff Jewell, on Behalf of Himself and the California Trainee Class)**

24        212. Answering Paragraph 212 of the Complaint Defendant responds as follows:

25   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-211, above, as set

26   forth fully herein.

213.   Answering Paragraph 213 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 213.

214.   Answering Paragraph 214 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 214.

215.   Answering Paragraph 215 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 215.

## FIFTH CAUSE OF ACTION
**(California Labor Code §§226.7, 512, Brought by Plaintiff Jewell, on Behalf of Himself and the California Trainee Class)**

216.   Answering Paragraph 216 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-215, above, as set forth fully herein.

217.   Answering Paragraph 217 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 217.

218.   Answering Paragraph 218 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 218.

219.   Answering Paragraph 219 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 219.

220.   Answering Paragraph 220 of the Complaint Defendant responds as follows:   To the extent this Paragraph contains conclusions of law, no response is required.   To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 220.

////

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

31.

Case No.  CV 12 3001

1

2

## SIXTH CAUSE OF ACTION

**(California Labor Code §§201-203, Brought by Plaintiff Jewell, on Behalf of Himself and a Subclass of the California Trainee Class)**

3

4

5

221.  Answering Paragraph 221 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-220, above, as set forth fully herein.

6

7

8

222.  Answering Paragraph 221 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 221.

9

10

11

223.  Answering Paragraph 223 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 223.

12

13

14

224.  Answering Paragraph 224 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 224.

15

16

17

225.  Answering Paragraph 225 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 225.

18

19

## SEVENTH CAUSE OF ACTION

**(Private Attorneys General Act, Labor Code §2699, Brought by Plaintiff Jewell, on Behalf of Himself and the California Trainee Class)**

20

21

22

226.  Answering Paragraph 226 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-225, above, as set forth fully herein.

23

24

25

227.  Answering Paragraph 227 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 227.

26

27

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

32.

Case No.  CV 12 3001

1

228.   Answering Paragraph 228 of the Complaint Defendant responds as follows:  To the

2

extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

3

to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 228.

4

229.   Answering Paragraph 229 of the Complaint Defendant responds as follows:  To the

5

extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

6

to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 229.

7

230.   Answering Paragraph 230 of the Complaint Defendant responds as follows:  To the

8

extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

9

to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 230.

10

## EIGHTH CAUSE OF ACTION

11

**(Washington Minimum Wage Act, Rev. Code Wash §§49.46.005 *et seq.*; Washington Industrial Welfare Act, Rev. Code Wash. §§49.12.005 *et seq.*; and Washington Wage Rebate Act, Rev. Code Wash. §§49.52.050 *et seq.*, Brought by Plaintiff Beausoleil on Behalf of Himself and the Washington Class)**

12

13

231.   Answering Paragraph 231 of the Complaint Defendant responds as follows:

14

Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-230, above, as set

15

forth fully herein.

16

232.   Answering Paragraph 232 of the Complaint Defendant responds as follows:  To the

17

extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

18

to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 232.

19

233.   Answering Paragraph 233 of the Complaint Defendant responds as follows:

20

Defendant admits Plaintiff Beausoleil worked for it in Washington. To the extent this Paragraph

21

contains conclusions of law, no response is required.  To the extent a response to this Paragraph is

22

deemed required, Defendant denies each and every allegation in Paragraph 233.

23

234.   Answering Paragraph 234 of the Complaint Defendant responds as follows:  To the

24

extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

25

to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 234.

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

33.

Case No.  CV 12 3001

235.   Answering Paragraph 235 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 235.

236.   Answering Paragraph 236 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 236.

237.   Answering Paragraph 237 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 237.

238.   Answering Paragraph 238 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 238.

239.   Answering Paragraph 239 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 239.

240.   Answering Paragraph 240 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 240.

241.   Answering Paragraph 241 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 241.

242.   Answering Paragraph 242 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 242.

///

///

///

///

TILER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

# NINTH CAUSE OF ACTION

**(Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, Brought by Plaintiff Flores on Behalf of Himself and the Illinois Class)**

243.   Answering Paragraph 243 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-242, above, as set forth fully herein.

244.   Answering Paragraph 244 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 244.

245.   Answering Paragraph 245 of the Complaint Defendant responds as follows: Defendant admits Plaintiff Flores worked for it in Illinois.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 245.  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 245.

246.   Answering Paragraph 246 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 246.

247.   Answering Paragraph 247 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 247.

248.   Answering Paragraph 248 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 248.

249.   Answering Paragraph 249 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 249.

1    250.   Answering Paragraph 250 of the Complaint Defendant responds as follows:  To the

2    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

3    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 250.

4    251.   Answering Paragraph 251 of the Complaint Defendant responds as follows:  To the

5    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

6    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 251.

7    **TENTH CAUSE OF ACTION**

8    **(Missouri Minimum Wage Law, Mo. Ann. Stat. §§ 290.500, *et seq*. Brought by Plaintiff Birch on Behalf of Himself and the Missouri Class)**

9    252.   Answering Paragraph 252 of the Complaint Defendant responds as follows:

10   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-251, above, as set

11   forth fully herein.

12   253.   Answering Paragraph 253 of the Complaint Defendant responds as follows:  To the

13   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

14   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 253.

15   254.   Answering Paragraph 254 of the Complaint Defendant responds as follows:  To the

16   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

17   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 254.

18   255.   Answering Paragraph 255 of the Complaint Defendant responds as follows:

19   Defendant admits that Plaintiff Birch worked as a Service Specialist in Missouri.  Except as so

20   expressly admitted Defendant denies each and every other allegation in Paragraph 255.  To the

21   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

22   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 255.

23   256.   Answering Paragraph 256 of the Complaint Defendant responds as follows: To the

24   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

25   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 256.

26

27

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

36.

Case No.  CV 12 3001

257.   Answering Paragraph 257 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 257.

258.   Answering Paragraph 258 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 258.

259.   Answering Paragraph 259 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 259.

260.   Answering Paragraph 260 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 260.

## ELEVENTH CAUSE OF ACTION
**(New York Labor Law Article 6, §190 *et seq.* and Article 19, §650 *et seq.* Brought by Plaintiff Jennison on Behalf of Himself and the New York Class)**

261.   Answering Paragraph 261 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-260, above, as set forth fully herein.

262.   Answering Paragraph 262 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 262.

263.   Answering Paragraph 263 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 263.

264.   Answering Paragraph 264 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff Jennison worked as a Service Specialist in New York.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 264.   To the

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

37.

Case No.  CV 12 3001

extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 264.

265.   Answering Paragraph 265 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 265.

266.   Answering Paragraph 266 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 266.

267.   Answering Paragraph 267 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 267.

268.   Answering Paragraph 268 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 268.

269.   Answering Paragraph 269 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 269.

270.   Answering Paragraph 270 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 270.

271.   Answering Paragraph 271 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 271.

///

///

///

///

///

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

**TWELFTH CAUSE OF ACTION**

**(North Carolina Wage and Hour Act, N.C. Gen. Stat. Ann. § 95-25.1, *et seq*. Brought by Plaintiff Emanuel on Behalf of Himself and the North Carolina Class)**

272. Answering Paragraph 272 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-271, above, as set forth fully herein.

273. Answering Paragraph 273 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 273.

274. Answering Paragraph 274 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff Emanuel worked as a Service Specialist in North Carolina. Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 274. To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 274.

275. Answering Paragraph 275 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 275.

276. Answering Paragraph 276 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 276.

277. Answering Paragraph 277 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 277.

278. Answering Paragraph 278 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required. To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 278.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                                    39.                                    Case No.  CV 12 3001

279.   Answering Paragraph 279 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 279.

280.   Answering Paragraph 280 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 280.

## THIRTEENTH CAUSE OF ACTION
**(Colorado Wage Act, C.R.S. 8-4-101, *et seq.*, by Plaintiff Forbes on Behalf of Himself and the Colorado Class)**

281.   Answering Paragraph 281 of the Complaint Defendant responds as follows: Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-280, above, as set forth fully herein.

282.   Answering Paragraph 282 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 282.

283.   Answering Paragraph 283 of the Complaint Defendant responds as follows:  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 283.

284.   Answering Paragraph 284 of the Complaint Defendant responds as follows: Defendant admits that Plaintiff Forbes worked as a Service Specialist in Colorado.  Except as so expressly admitted Defendant denies each and every other allegation in Paragraph 284.  To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 284.

285.   Answering Paragraph 285 of the Complaint Defendant responds as follows: To the extent this Paragraph contains conclusions of law, no response is required.  To the extent a response to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 285.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

40.

Case No.  CV 12 3001

1     286.   Answering Paragraph 286 of the Complaint Defendant responds as follows:  To the

2  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

3  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 286.

4     287.   Answering Paragraph 287 of the Complaint Defendant responds as follows:  To the

5  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

6  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 287.

7     288.   Answering Paragraph 288 of the Complaint Defendant responds as follows:  To the

8  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

9  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 288.

10     289.   Answering Paragraph 289 of the Complaint Defendant responds as follows: To the

11  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

12  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 289.

### FOURTEENTH CAUSE OF ACTION
**(Wisconsin Statute Sections 104.1, *et seq.*, by Plaintiff O'Neil on Behalf of Himself and the Wisconsin Class)**

15     290.   Answering Paragraph 290 of the Complaint Defendant responds as follows:

16  Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-289, above, as set

17  forth fully herein.

18     291.   Answering Paragraph 291 of the Complaint Defendant responds as follows:  To the

19  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

20  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 291.

21     292.   Answering Paragraph 292 of the Complaint Defendant responds as follows:  To the

22  extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

23  to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 292.

24     293.   Answering Paragraph 293 of the Complaint Defendant responds as follows:

25  Defendant admits that Plaintiff O'Neil worked as a Service Specialist in Wisconsin.  Except as so

26  expressly admitted Defendant denies each and every other allegation in Paragraph 293.  To the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

41.

Case No.  CV 12 3001

1    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

2    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 293.

3          294.   Answering Paragraph 294 of the Complaint Defendant responds as follows:  To the

4    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

5    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 294.

6          295.   Answering Paragraph 295 of the Complaint Defendant responds as follows: To the

7    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

8    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 295.

9          296.   Answering Paragraph 296 of the Complaint Defendant responds as follows: To the

10   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

11   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 296.

12         297.   Answering Paragraph 297 of the Complaint Defendant responds as follows: To the

13   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

14   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 297.

15         298.   Answering Paragraph 298 of the Complaint Defendant responds as follows: To the

16   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

17   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 298.

18                              **FIFTEENTH CAUSE OF ACTION**

19   **(Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. §§3-501 *et seq.*, Maryland Wage and Hour Law, Md. Code Ann., Labor & Empl. §§3-401 *et seq.***

20   **Brought by Plaintiff Simon on Behalf of Himself and the Maryland Class)**

21         299.   Answering Paragraph 299 of the Complaint Defendant responds as follows:

22   Defendant incorporates its responses to Plaintiffs' allegations in paragraphs 1-298, above, as set

23   forth fully herein.

24         300.   Answering Paragraph 300 of the Complaint Defendant responds as follows:  To the

25   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

26   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 300.

27         301.   Answering Paragraph 301 of the Complaint Defendant responds as follows:

28   Defendant admits that Plaintiff Simon worked as a Service Specialist in Maryland.  Except as so

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC                                                    42.                                   Case No.  CV 12 3001
Firmwide:126131406.1 057118.1141

1    expressly admitted Defendant denies each and every other allegation in Paragraph 301.  To the

2    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

3    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 301.

4        302.  Answering Paragraph 302 of the Complaint Defendant responds as follows: To the

5    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

6    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 302.

7        303.  Answering Paragraph 303 of the Complaint Defendant responds as follows:  To the

8    extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

9    to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 303.

10       304.  Answering Paragraph 304 of the Complaint Defendant responds as follows:  To the

11   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

12   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 304.

13       305.  Answering Paragraph 305 of the Complaint Defendant responds as follows: To the

14   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

15   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 305.

16       306.  Answering Paragraph 306 of the Complaint Defendant responds as follows:  To the

17   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

18   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 306.

19       307.  Answering Paragraph 307 of the Complaint Defendant responds as follows:  To the

20   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

21   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 307.

22       308.  Answering Paragraph 308 of the Complaint Defendant responds as follows:  To the

23   extent this Paragraph contains conclusions of law, no response is required.  To the extent a response

24   to this Paragraph is deemed required, Defendant denies each and every allegation in Paragraph 308.

25   ## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

26       Defendant denies that Plaintiff or any purported class member is entitled to any relief.

27   1.    Defendant denies each and every allegation in Paragraph 1.

28   2.    Defendant denies each and every allegation in Paragraph 2.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619 232 0441

3.     Defendant denies each and every allegation in Paragraph 3.

4.     Defendant denies each and every allegation in Paragraph 4.

5.     Defendant denies each and every allegation in Paragraph 5.

6.     Defendant denies each and every allegation in Paragraph 6.

7.     Defendant denies each and every allegation in Paragraph 7.

8.     Defendant denies each and every allegation in Paragraph 8.

9.     Defendant denies each and every allegation in Paragraph 9.

10.    Defendant denies each and every allegation in Paragraph 10.

11.    Defendant denies each and every allegation in Paragraph 11, including subparagraphs (a) – (j).

12.    Defendant denies each and every allegation in Paragraph 12.

13.    Defendant denies each and every allegation in Paragraph 13.

14.    Defendant denies each and every allegation in Paragraph 14.

15.    Defendant denies each and every allegation in Paragraph 15.

16.    Defendant denies each and every allegation in Paragraph 16.

17.    Defendant denies each and every allegation in Paragraph 17.

18.    Defendant denies each and every allegation in Paragraph 18.

19.    Defendant denies each and every allegation in Paragraph 19.

20.    Defendant denies each and every allegation in Paragraph 20.

21.    Defendant denies each and every allegation in Paragraph 21.

22.    Defendant denies each and every allegation in Paragraph 22.

23.    Defendant denies each and every allegation in Paragraph 23.

24.    Defendant denies each and every allegation in Paragraph 24.

25.    Defendant denies each and every allegation in Paragraph 25.

26.    Defendant denies each and every allegation in Paragraph 26.

27.    Defendant denies each and every allegation in Paragraph 27.

28.    Defendant denies each and every allegation in Paragraph 28.

29.    Defendant denies each and every allegation in Paragraph 29.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
In Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

44.

Case No.  CV 12 3001

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant denies each and every allegation in Paragraph 31.

32. Defendant denies each and every allegation in Paragraph 32.

33. Defendant denies each and every allegation in Paragraph 33.

34. Defendant denies each and every allegation in Paragraph 34.

35. Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

38. Defendant denies each and every allegation in Paragraph 38.

39. Defendant denies each and every allegation in Paragraph 39.

40. Defendant denies each and every allegation in Paragraph 40.

41. Defendant denies each and every allegation in Paragraph 41.

42. Defendant denies each and every allegation in Paragraph 42.

43. Defendant denies each and every allegation in Paragraph 43.

44. Defendant denies each and every allegation in Paragraph 44.

45. Defendant denies each and every allegation in Paragraph 45.

46. Defendant denies each and every allegation in Paragraph 46.

47. Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies each and every allegation in Paragraph 49.

50. Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51.

52. Defendant denies each and every allegation in Paragraph 52.

53. Defendant denies each and every allegation in Paragraph 53.

54. Defendant denies each and every allegation in Paragraph 54.

55. Defendant denies each and every allegation in Paragraph 55.

56. Defendant denies each and every allegation in Paragraph 56.

57. Defendant denies each and every allegation in Paragraph 57.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

45.

Case No.  CV 12 3001

58. Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies each and every allegation in Paragraph 59.

60. Defendant denies each and every allegation in Paragraph 60.

61. Defendant denies each and every allegation in Paragraph 61.

62. Defendant denies each and every allegation in Paragraph 62.

63. Defendant denies each and every allegation in Paragraph 63.

64. Defendant denies each and every allegation in Paragraph 64.

65. Defendant denies each and every allegation in Paragraph 65.

66. Defendant denies each and every allegation in Paragraph 66.

67. Defendant denies each and every allegation in Paragraph 67.

68. Defendant denies each and every allegation in Paragraph 68.

69. Defendant denies each and every allegation in Paragraph 69.

70. Defendant denies each and every allegation in Paragraph 70.

71. Defendant denies each and every allegation in Paragraph 71.

72. Defendant denies each and every allegation in Paragraph 72.

73. Defendant denies each and every allegation in Paragraph 73.

74. Defendant denies each and every allegation in Paragraph 74.

75. Defendant denies each and every allegation in Paragraph 75.

76. Defendant denies each and every allegation in Paragraph 76.

77. Defendant denies each and every allegation in Paragraph 77.

78. Defendant denies each and every allegation in Paragraph 78.

79. Defendant denies each and every allegation in Paragraph 79.

80. Defendant denies each and every allegation in Paragraph 80.

81. Defendant denies each and every allegation in Paragraph 81.

82. Defendant denies each and every allegation in Paragraph 82.

83. Defendant denies each and every allegation in Paragraph 83.

84. Defendant denies each and every allegation in Paragraph 84.

85. Defendant denies each and every allegation in Paragraph 85.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

1      86.   Defendant denies each and every allegation in Paragraph 86.

2      87.   Defendant denies each and every allegation in Paragraph 87.

3      88.   Defendant denies each and every allegation in Paragraph 88.

4      89.   Defendant denies each and every allegation in Paragraph 89.

5      90.   Defendant denies each and every allegation in Paragraph 90.

6      91.   Defendant denies each and every allegation in Paragraph 91.

7      92.   Defendant denies each and every allegation in Paragraph 92.

8      93.   Defendant denies each and every allegation in Paragraph 93.

9      94.   Defendant denies each and every allegation in Paragraph 94.

10      95.   Defendant denies each and every allegation in Paragraph 95.

11      96.   Defendant denies each and every allegation in Paragraph 96.

12      97.   Defendant denies each and every allegation in Paragraph 97.

13      98.   Defendant denies each and every allegation in Paragraph 98.

14      99.   Defendant denies each and every allegation in Paragraph 99.

15      100.  Defendant denies each and every allegation in Paragraph 100.

16      101.  Defendant denies each and every allegation in Paragraph 101.

17      102.  Defendant denies each and every allegation in Paragraph 102.

18      103.  Defendant denies each and every allegation in Paragraph 103.

19      104.  Defendant denies each and every allegation in Paragraph 104.

20      105.  Defendant denies each and every allegation in Paragraph 105.

21      **<u>AFFIRMATIVE DEFENSES</u>**

22      In further answer to the Complaint, and as separate and distinct affirmative and other

23 defenses, Defendant alleges the following defenses against the claims of Plaintiffs and each alleged

24 putative class member.  In asserting these defenses, Defendant does not assume the burden of proof

25 as to matters that, as a matter of law, are Plaintiffs' burden to prove.

26      ///

27      ///

28      ///

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA  92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

47.

Case No.  CV 12 3001

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Class Action)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs cannot satisfy the prerequisites for class certification and therefore cannot represent the interests of others.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that policies and practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiffs are not entitled to any damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part to the extent that Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Meal Periods Provided)**

As a separate and distinct affirmative defense, Defendant alleges that to the extent it has a burden of establishing that it provided Plaintiffs and/or putative class members with the opportunity to take duty free meal periods of 30 or more minutes during their employment and that Plaintiffs and/or putative class members voluntarily waived those opportunities on some or all days

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

48.

Case No.  CV 12 3001

1  of their employment, Defendant did, in fact, provide Plaintiffs and/or putative class members with

2  meal period opportunities and alleges that Plaintiffs and/or putative class members waived those

3  opportunities on some or all days at issue.

4  ## SIXTH AFFIRMATIVE DEFENSE

5  **(Unconstitutional Wage Order)**

6  As a separate and distinct affirmative defense, Defendant alleges that the Complaint

7  and each cause of action therein, or some of them, are barred because the applicable wage order(s) of

8  the Industrial Welfare Commission is unconstitutionally vague and ambiguous and violates

9  Defendant's rights under the United States Constitution and the California Constitution as to, among

10  other things, due process of law.

11  ## SEVENTH AFFIRMATIVE DEFENSE

12  **(Compliance with Obligations)**

13  As a separate and distinct affirmative defense, Defendant alleges that it acted in a

14  reasonable and good faith belief that it complied with its obligations, if any, under the California

15  Labor Code, specifically including Sections 226.7 and 512, and also the laws of the state of

16  Washington, as to Plaintiffs.

17  ## EIGHTH AFFIRMATIVE DEFENSE

18  **(Exemptions From Overtime)**

19  As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claim

20  under the FLSA and/or Washington State laws, to the extent based upon the time period that

21  Plaintiffs Beausoleil and Sweeney were employed as Service Specialists, is barred in whole or in

22  part to the extent that the work they performed falls within exemptions, exceptions, or exclusions

23  provided under the FLSA, 29 U.S.C. § 201, *et seq.*, including and specifically the exemption

24  described at 29 U.S.C. § 207(i).  In addition, Plaintiff is not an "employee" within the meaning of

25  the Washington Minimum Wage Act ("WMWA"), and as such is excluded from coverage under the

26  WMWA, this is so because Plaintiff was employed in a bona fide executive, administrative, or

27  professional capacity within the meaning of RCW 49.46.010(5)(c) and related regulations.

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

49.

Case No.  CV 12 3001

## NINTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code § 17200 – Violates Due Process)

As a separate and distinct affirmative defense, Defendant alleges that the prosecution of a representative action on behalf of the general public under California Business and Professions Code sections 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code § 17200 – No Violation)

As a separate and affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code sections 17200 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (Penalties Barred)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff Cancilla's prayer for restitution pursuant to Business and Professions Code sections 17200 *et seq.* is barred with respect to penalties of any nature.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Injury)

As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs sustained no injury from any alleged failure by Defendant to comply with Labor Code section 226 and or Washington Revenue Code section 49.46.070, and/or Washington Administrative Code section 296-126-050, and any other relevant provisions of Washington laws .

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Attorneys' Fees and Costs)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

50.

Case No.  CV 12 3001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Specificity)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs have failed to allege special damages with requisite specificity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, two and/or three year statute of limitations under the Fair Labor Standards Act, 29 U.S.C. § 255, the three-year limitations period contained in California Code of Civil Procedure section 338(a); the one-year limitations period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(a); the four year limitations period found in Business and Professions Code section 17208; the three-year statute of limitations in RCW 4.16.080(3); and/or two-year statute of limitations applicable to Plaintiffs' claims for exemplary (double) damages under RCW 49.52.070; and all other applicable federal and state statute of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Collateral Estopped/Res Judicata)**

As a separate and distinct affirmative defense, Defendant alleges that the FLSA claims asserted in the Complaint, or some of them, are barred by collateral estoppel and/or res judicata.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Portal-to-Portal Act, 29 U.S.C. § 254)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619 232.0441

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

**(Good Faith, 29 U.S.C. § 259)**

3   As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs'

4   claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29

5   U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good

6   faith in conformity with and reliance upon written administrative regulations, orders, rulings,

7   approvals, interpretations, or written and unwritten administrative practices or enforcement policies

8   of the Administrator of the Wage and Hour Division of the United States Department of Labor.

9

**NINETEENTH AFFIRMATIVE DEFENSE**

10

**(Good Faith, 29 U.S.C. § 260)**

11   As a separate and distinct affirmative defense, Defendant alleges Plaintiffs' claims are

12   barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §

13   260, because any acts or omissions giving rise to this action were done in good faith and with

14   reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

15   Specifically, Defendant alleges that it had a good faith and reasonable belief to classify Service

16   Specialists as exempt based on the decision in *English v. Ecolab*, 2008 U.S. Dist. LEXIS 25682

17   (S.D.N.Y., Mar. 28, 2008).

18

**TWENTIETH AFFIRMATIVE DEFENSE**

19

**(Good Faith Generally)**

20   As a separate and distinct affirmative defense, Defendant alleges Plaintiffs' claims are

21   barred in whole or in part because Defendant acted reasonably, lawfully, and in good faith, and not

22   willfully or with any intent to deprive Plaintiffs of any part of their wages or to pay Plaintiffs a lower

23   wage than that to which he was entitled while working and Defendant acted reasonably and in

24   reliance upon written administrative regulations, orders or rulings to assure full compliance with all

25   applicable requirements of Washington law and all other state and federal laws.

26   ///

27   ///

28   ///

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

52.

Case No.  CV 12 3001

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

As a separate and distinct affirmative defense, Defendant alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action contained in the Complaint, or some of the causes of action, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant took reasonable steps to prevent and correct improper wage payments.  Plaintiffs unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure by Plaintiffs to Follow Directions)

As a separate and distinct affirmative defense, Defendant alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that any failure on Plaintiffs' part to take meal breaks, to comply with Defendant's work-time recording and overtime polices and requirements, was the result of failure by Plaintiffs to follow Defendant's reasonable instructions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred because any recovery from Defendant would result in Plaintiffs' unjust enrichment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are not entitled to recover the equitable relief they seeks because an adequate remedy at law exists.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Settlement)

As a separate and distinct affirmative defense, Defendant alleges that some or all of the purported causes of action alleged in the Complaint are barred in whole or in part because any monies owed to Plaintiffs and others for whom he seeks to recover have been paid in full and any obligations the Defendant may have owed to Plaintiff and those for whom he seeks to recover have been paid or otherwise satisfied in full pursuant to a settlement reached in the cases of *Roe v. Ecolab* and/or *Dietz v. Ecolab*, and also the settlement approved in *Ladore v. Ecolab*, which settled California claims, and *English et al v. Ecolab* which settled FLSA claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

As a separate and distinct affirmative defense, Defendant alleges that some or all of the purported causes of action and damages sought in the Complaint are barred in whole or part because there is a bona fide dispute as to whether Defendant failed to pay all wages due under Labor Code sections 201 or 202, and, under RCW 49.52.070, as to the existence of a bona fide dispute and/or because Plaintiff knowingly submitted to any alleged violations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded under any of the causes of action, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

///

///

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (No Injunctive Relief)

3       As a separate and distinct affirmative defense, Defendant alleges that the Complaint

4 fails to properly state a claim upon which injunctive relief may be awarded under any of the

5 Washington causes of action, because the Washington Minimum Wage Act does not provide a

6 private right to seek injunctive relief.

7

## THIRTIETH AFFIRMATIVE DEFENSE

8

### (No Standing)

9       As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

10 Beausoleil lacks standing to assert a claim for exemplary (double) damages under RCW 49.52.070

11 on behalf of any other person or class.

12

## THIRTY-FIRST AFFIRMATIVE DEFENSE

13

### (Frivolous Claims)

14       As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

15 Beausoleil claims under Washington laws are frivolous and subject to RCW 4.84.185.

16

## THIRTY-SECOND AFFIRMATIVE DEFENSE

17

### (Failure To Satisfy Class Action Elements)

18       As separate and distinct affirmative defense to the Complaint, Defendants allege that

19 Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class,

20 representative, or collective action, including, and without limitation, ascertainability, predominance,

21 typicality, adequacy of representation (of both the proposed class representative and proposed class

22 counsel), and superiority, and further allege that public policy considerations do not favor such a

23 certification.

24

## THIRTY-THIRD AFFIRMATIVE DEFENSE

25

### (Failure to Exhaust Internal, Statutory, and Contractual Remedies)

26       As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

27 claims, in whole or in part, are barred by their and/or the putative class members' unreasonable

28 failure to take advantage of preventative and corrective opportunities and failure to exhaust

TILER MENDELSON, P.C.
501 W. Broadway
Suite 900
n Diego, CA. 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

55.

Case No.  CV 12 3001

1  administrative and/or other internal remedies and/or contractual remedies available to them under the

2  California Labor Code, the California Private Attorneys General Act ("PAGA"), California Labor

3  Code sections 2699, *et seq.*, including but not limited to sections 2699.3(a) and 2699.5 or other

4  provisions of law prior to commencing this action and to otherwise avoid harm.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Breach of Duties Under the Labor Code)

7  As a separate and distinct affirmative defense, Defendants allege that the Complaint

8  and each cause of action are barred by Plaintiff's and the putative class' own breach of duties owed

9  to Defendants, including without limitation those under California Labor Code sections 2854, 2856,

10  2857, 2858, and/or 2859.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Collective or Class Treatment Under PAGA)

13  As a separate and distinct affirmative defense, Defendants allege that to the extent

14  that Plaintiff seeks to recover on behalf of herself and on behalf of all other similarly situated current

15  and former employees, claims arising under PAGA should be dismissed because Plaintiff has failed

16  to plead and cannot establish the necessary procedural elements for class or collective action

17  treatment; a collective action is not an appropriate method for the fair and efficient adjudication of

18  the claims described in the Complaint; common issues of fact or law do not predominate; the

19  putative class members are not similarly situated and Plaintiff's claims are not representative or

20  typical of those for whom they seek to recover; Plaintiff is not a proper representative; and there is

21  not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the

22  alleged aggrieved employees.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Not "Aggrieved Employees")

25  As a separate and distinct affirmative defense, Defendants allege that Plaintiff lacks standing

26  to bring claims for civil penalties on behalf of others because they are not "aggrieved employee[s],"

27  pursuant to the PAGA.

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                    56.                    Case No.  CV 12 3001

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Separation of Powers)

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred because PAGA violates separation of powers by empowering private attorneys to prosecute public claims, thereby impairing the judiciary's inherent power to regulate attorney conduct.

## THIRTY-EIGTH AFFIRMATIVE DEFENSE

### (Preemption)

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each state law cause of action set forth therein is barred to the extent it is preempted by Plaintiffs' FLSA claims.

## THIRTY-NIINTH AFFIRMATIVE DEFENSE

### (No Willfullness /Good Faith Under State Laws)

Defendant at all times acted in good faith to comply with state law, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate state law as a defense to any claim by Plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Ratification)

Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without knowledge, authorization, or ratification by Defendant.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Claim Under Illinois Law)

Plaintiffs' Complaint fails to state a claim under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and/or Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. upon which relief may be granted.

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
an Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141                    57.                    Case No.  CV 12 3001

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(No Liability For Liquidated Damages Under New York Law)**

Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because Defendant at all times acted in good faith to comply with New York Labor Law, and had reasonable grounds for believing it was in compliance with New York Labor Law. Defendants assert a lack of willfulness or intent to violate New York Labor Law as a defense to any claim for liquidated damages made by Plaintiff or any of the putative collective action or class action members.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Compliance With New York Wage Statement Notice Laws)**

Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because Defendant at all times made complete and timely payment of all wages due to the employee.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Compliance With New York Wage Statement and Annual Notice Laws)**

Plaintiffs' claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because Defendant reasonably believed in good faith that it was not required to provide the employee with the wage statements and /or an annual notice thereof.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Remedies Unavailable Under Missouri Law)**

Plaintiffs' claims for prejudgment interest, attorneys' fees, liquidated damages and others should be stricken where they are not available remedies under the Missouri Minimum Wage Law.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Exempt Within the Scope of State Laws)**

Plaintiff's claims are barred, in whole or in part, to the extent that the work they or purported class members performed falls within exemptions, exclusions, exceptions, or credits

1   provided   for within the scope of the laws of the states at issue in this suit including Illinois,

2   Missouri, Colorado, New York, Wisconsin, Maryland, and North Carolina.

3   **ADDITIONAL DEFENSES**

4         Defendant reserves its right to amend and/or supplement its Affirmative Defenses in

5   the future.

6   **PRAYER FOR RELIEF**

7       1.    Plaintiffs take nothing by the Complaint and the Complaint be dismissed with

8   prejudice;

9       2.    For costs of suit and reasonable attorneys' fees incurred herein; and

10      3.    For such other and further relief as this Court deems proper.

11  **DEMAND FOR JURY TRIAL**

12        Defendant hereby demands trial by jury of Plaintiffs' claims for relief and

13  Defendant's defenses to the extent authorized by law.

14

15  Dated: April 14, 2014

16                        /s/ Jody A. Landry
                          JODY A. LANDRY

17                        LINDSEY M. STEVENS
                          LITTLER MENDELSON, P.C.

18                        Attorneys for Defendant
                          ECOLAB INC.

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON, P.C.
501 W. Broadway
Suite 900
in Diego, CA 92101.3577
619.232.0441

ANSWER TO FAC
Firmwide:126131406.1 057118.1141

59.

Case No.  CV 12 3001