UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK CANCILLA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC.,<br><br>Defendant. | Case No. 12-cv-03001-JD<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 223 |

This case is a wage-and-hour class and collective action brought by nine named plaintiffs on behalf of themselves and 1,065 fellow current and former Pest Elimination Service Specialists employed by defendant Ecolab, Inc. The parties reached a proposed settlement and now seek preliminary approval. The Court grants preliminary approval and certifies the classes for purposes of settlement.

## BACKGROUND

Plaintiffs are current and former Service Specialists, Select Segment Service Specialists and Senior Service Specialists in Ecolab's Pest Elimination Division (collectively "Service Specialists"). Fourth Amended Complaint, Dkt. No. 119 ¶ 8. Ecolab "is in the business of providing pest elimination services to businesses and other non-residential customers." *Id.* ¶ 64. The named plaintiffs allege that Ecolab misclassified them and other Service Specialists as exempt from the Fair Labor Standards Act, and consequently "failed to pay them overtime at a rate not less than one and one-half times their regular rate of pay for all hours worked over forty (40) hours in a workweek." *Id.* ¶¶ 8-9. The named plaintiffs also allege various state law violations relating to Ecolab's compensation practices. *Id.* at 4-12.

In 2013, the Court conditionally certified the FLSA claim in this case as a collective action under section 16(b) of the FLSA, 29 U.S.C. 216(b) and ordered that notice of the collective action be mailed to putative members. Dkt. No. 85. In response, 580 collective action members have opted in. Dkt. No. 223 at 2. Since then, the parties participated in mediation in May 2015 and, after lengthy negotiations, were able to reach a settlement for all classes (including the putative state classes). *Id.* at 3. The parties now ask the Court for preliminary approval of that settlement. Dkt. No. 223.

## DISCUSSION

### I. THE PROPOSED SETTLEMENT

The proposed class consists of the 580 Service Specialists who have already opted in to the previously certified FLSA collective action and 494 additional putative class members -- Service Specialists in eight state settlement classes. Dkt. No. 223 at 1. The conditionally certified FLSA collective action, includes:

> [a]ll individuals who worked for Ecolab as a Service Specialist from October 12, 2010 to the present who opted into this lawsuit, and were not dismissed, and did not withdraw, other than the two Opt-In Plaintiffs who were dismissed and then added back, as of the May 8, 2015 mediation.

Dkt. No. 223-2 at 3. The putative state settlement classes cover all Service Specialists who worked for Ecolab in Colorado and New York from June 12, 2006 through April 30, 2015; in Illinois, Maryland, and Washington from June 12, 2009 through April 30, 2015; and in Missouri, North Carolina, and Wisconsin from June 12, 2010 through April 30, 2015. Dkt. No. 223 at 9.

Under the proposed settlement agreement, Ecolab will pay $7,500,000 into a non-reversionary settlement fund, which will be the source for settlement administration costs (up to a maximum of $45,000), attorney's fees and costs (up to a maximum of $1,875,000 in fees and up to $150,000 in costs as decided by the Court in subsequent proceedings), class representative service awards for each of the 9 representatives if the Court approves the request ($3,000 each, totaling $27,000), and monetary relief for the class. *Id.* at 4-5. Ecolab will also pay the employer's share of state and federal payroll taxes on all amounts that are paid to the class members for unpaid wages. *Id.* at 4. A reserve of $25,000 of the settlement fund will be set aside to address

2

1 processing errors and to ensure that all participating class members will receive at least $100 from

2 the settlement. *Id*. The remaining "sum will be distributed among all Class Members who do not

3 timely exclude themselves from the settlement classes." *Id*. at 5.

4     The settlement fund will be distributed

> on a modified *pro rata* basis based on weeks worked as a Service Specialist within the respective class periods. A workweek multiplier of 1.5 will be applied for weeks of FLSA Opt In Class Members during the FLSA Opt In Class Period. That multiplier takes into account the facts that (1) the [C]ourt conditionally designated an FLSA Collective Action in this case in August 2013; (2) the "similarly situated" standard under Section 216(b) is arguably more lenient than the class certification standards under Fed. R. Civ. P. 23, and (3) liquidated damages are available under the FLSA but not under all of the state laws at issue.

*Id.* at 6 (citations omitted). The class members do not have to submit claim forms to get a settlement check -- checks will be mailed directly to each class member and he or she will have 120 days to cash the check. *Id.* at 5. If, after 120 days, the amount of uncashed checks totals more than $30,000, the funds will be redistributed on a pro rata basis to the class members who cashed their initial checks. *Id.* at 5-6. If the amount remaining from the uncashed checks is less than $30,000, the funds will be paid to the Legal Aid Society Employment Law center of the San Francisco Bay Area. *Id.* at 6.

    Under the terms of the Settlement, all class members who do not opt out will release Ecolab from all claims for:

> wages, statutory and civil penalties, damages and liquidated damages, interest, fees and costs that were or could have been alleged and whether known or unknown under the FLSA and/or Colorado, Illinois, Maryland, Missouri, New York, North Carolina, Washington or Wisconsin law, arising out of the allegations of the Complaint during the applicable Class Periods set forth above...

Dkt. No. 223-2, Ex. 1 at 24. Each plaintiff for whom the Court approves an incentive payment also will provide a "complete and general release of all known and unknown claims, including but not limited to any claims arising out of their employment or due to the ending of their employment." *Id*. at 26.

Notice will be sent by mail to all class members and will clearly summarize the different subclasses and the terms of the settlement. The notice will be individualized, identifying the approximate individual amount each class member will receive, and will provide information about how to opt-out or object to the settlement. Dkt. No. 223 at 22.

## II. FAIRNESS OF THE SETTLEMENT

When the parties reach a proposed settlement prior to class certification, the Court reviews the propriety of the certification and the fairness of the settlement. *Sarkisov v. StoneMor Partners L.P.*, No. 13-CV-04834-JD, 2015 WL 1249169, at *2 (N.D. Cal. Mar. 18, 2015). Rule 23(e) directs the Court to examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(1)(C). The parties bear the burden of showing that the proposed settlement is fair. *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). There is a higher standard of fairness when settlement occurs before formal class certification, because "the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." *Sarkisov*, 2015 WL 1249169, at * 2 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The primary consideration in evaluating a class settlement agreement is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice*, 688 F.2d at 624. To realize this goal, the Court will give preliminary approval of a class settlement and notice only when "[1] the proposed settlement appears to be the product of a serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . " *Stokes v. Interline Brands, Inc.*, No. 12-CV-05527-JD, 2014 WL 5826335, at *3 (N.D. Cal. Nov. 10, 2014) (citations omitted).

The proposed settlement meets these requirements. The settlement was reached after lengthy negotiations between the parties, which followed years of litigation. Any unused settlement funds do not revert back to the defendant, claimants are guaranteed a minimum payment and each class member will receive a check without having to file a claim. The Court finds that the agreement is fair, reasonable, and adequate, and that it protects the interests of the class members. Fed. R. Civ. Pro. 23(e)(1)(C).

## III. CLASS CERTIFICATION

The parties also request that the Court conditionally certify the proposed eight state law classes for settlement purposes only. In certifying a class for settlement purposes, review of the proposed class is "of vital importance," as the Court lacks the opportunity to make adjustments to the class, as it ordinarily would when a case is fully litigated. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

The proposed class settlement must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) to be certified. Rule 23(a) provides that a class action is available only where: (1) the class is so numerous that joinder is impracticable; (2) common question of law or fact exist; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the class interests. Additionally, Rule 23(b)(3) requires the Court to find that common questions of law or fact predominate over the questions of individual class members and that a class action is the superior method for fair and efficient adjudication.

The Court finds that the requirements of Rule 23(a) are met. The numerosity requirement is met because there are 56 individuals in the Colorado class, 145 in the Illinois class, 72 in the Maryland class, 52 in the Missouri class, 139 in the New York class, 87 in the North Carolina class, 34 in the Washington class, and 27 in the Wisconsin class. Dkt. No. 223 at 9-10. The commonality requirement is met because the resolution of the claims depends on common questions of law and fact about the class members' employment with Ecolab. The plaintiffs' claims meet the typicality requirement because they are all current or former employees of Ecolab and "their claims arise from the same alleged events and course of conduct." *Id.* at 10. The

5

adequacy requirement is met because there is no indication of any conflicts of interest between the putative class representatives and the absent class members, and because plaintiffs' counsel appear to be well-qualified to serve as class counsel. For the same reason, the Court appoints the named plaintiffs as class representatives and finds that plaintiffs' counsel is adequate under Rule 23(g)(1) and (4) and appoints them as class counsel.

The Court also finds that the requirements of Rule 23(b)(3) are met. Common questions of law and fact predominate over any questions affecting only individual class members because the primary issues in dispute revolve around common issues such as "whether Ecolab is a 'retail or service establishment' and whether the payments to Service Specialists for routine monthly services were 'bona fide commissions.'" Dkt. No. 223 at 11. The superiority requirement is also met because it is likely that "recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *See Wolin v. Jaguar Land Rover North Am.,* LLC, 617 F.3d 1168, 1175 (9th Cir. 2010).

## IV. CLASS NOTICE

The Court approves the parties' proposed notice pursuant to Federal Rule of Civil Procedure 23(c)(2) -- the form uses language that is concise and easy to understand, and complies with Rule 23(c)(2). The Court also approves the notice under the FLSA. The notice form clearly explains how to opt out of the settlement, and states that class members will stay in the lawsuit and receive a check upon final approval of the settlement if they do not opt out. Dkt. No. 223-2, Ex. B at 8-10. Additionally, the parties' proposed plan for directing notice meets all of the requirements of notice to Rule 23(b)(3) class members. The notice form is approved.

## CONCLUSION

The Court sets a hearing for final approval of the settlement on December 9, 2015 at 10:00 a.m. The parties are directed to file any motion for final approval and motion for fees and costs according to, and to otherwise follow, the schedule proposed in plaintiff's preliminary approval motion. Dkt. No. 223. The Court will decide at the final approval stage the attorney's fees

request and whether the named plaintiffs will receive an incentive payment for service as the class representatives, a practice that this Court normally rejects.

**IT IS SO ORDERED.**

Dated: August 12, 2015

_____
JAMES DONATO
United States District Judge