UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK CANCILLA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ECOLAB, INC.,<br><br>　　　　Defendant. | Case No. 12-cv-03001-JD<br><br>**ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND SERVICE PAYMENTS**<br><br>Re: Dkt. No. 227, 228, 231 |

In this wage-and-hour class and collective action, the Court previously granted preliminary approval of a proposed class action settlement. Dkt. No. 226. Following a December 9, 2015 hearing, this order resolves plaintiffs' unopposed motions for: (1) final settlement approval and certification of a settlement class, (2) attorneys' fees and costs, and (3) class representative service awards. Dkt. Nos. 231, 227, 228. The Court grants the first two motions, and grants in part the third.

## BACKGROUND

The key facts are set out in the Court's preliminary approval order. Dkt. No. 226. In summary, the plaintiffs in this action are current and former Service Specialists, Select Segment Service Specialists and Senior Service Specialists in Ecolab's Pest Elimination Division (collectively, "Service Specialists"). *Id*. at 1; Dkt. No. 119 ¶ 8. Plaintiffs allege that Ecolab misclassified them as exempt from the Fair Labor Standards Act, and consequently "failed to pay them overtime at a rate not less than one and one-half times their regular rate of pay for all hours worked over forty (40) hours in a workweek." Dkt. No. 119 ¶¶ 8-9. The named plaintiffs also allege various state law violations relating to Ecolab's compensation practices. *Id.* at 4-12.

In 2013, the Court conditionally certified the FLSA claim in this case as a collective action under section 16(b) of the FLSA, 29 U.S.C. 216(b) and ordered that notice of the collective action be mailed to putative members. Dkt. No. 85. The parties entered into a settlement agreement after mediation in May 2015. Dkt. No. 231 at 3. That settlement agreement is the operative agreement in this case. *See* Dkt. No. 231 at 1, 4; Dkt. No. 223-2. The Court granted preliminary approval on August 12, 2015, finding that the agreement was "fair, reasonable, and adequate" under Federal Rule of Civil Procedure 23(e). Dkt. No. 226.

The proposed class consists of 1,053 individuals, including 580 Service Specialists who opted in to the previously certified FLSA collective action class and 473 additional putative class members that are Service Specialists in eight state settlement classes. Dkt. No. 231 at 1. The conditionally certified FLSA collective action class includes:

> [a]ll individuals who worked for Ecolab as a Service Specialist from October 12, 2010 to the present who opted into this lawsuit, and were not dismissed, and did not withdraw, other than the two Opt-In Plaintiffs who were dismissed and then added back, as of the May 8, 2015 mediation.

Dkt. No. 223-2 at 3. The putative state settlement classes cover all Service Specialists who worked for Ecolab in Colorado and New York from June 12, 2006 through April 30, 2015; in Illinois, Maryland, and Washington from June 12, 2009 through April 30, 2015; and in Missouri, North Carolina, and Wisconsin from June 12, 2010 through April 30, 2015. Dkt. No. 223 at 9.

The non-reversionary settlement fund to be paid by Ecolab to settle the suit is $7,500,000. Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 10. The agreement states class counsel's intention to seek up to 25% of this settlement amount for attorney fees and reimbursement of up to $150,000 for out-of-pocket costs. Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 10. The agreement also expresses the class representatives' intention to request service payments of $3,000 each, to total $27,000 for the nine class representatives. Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 11. Up to an additional $45,000 was estimated for the settlement administrator. Dkt. No. 231 at 4. Ecolab agreed to pay additionally the employer's share of state and federal payroll taxes on the portion of settlement payouts that are designated as unpaid wages. *Id.*; Dkt. No. 223-2, Exh. 1 at 10. A reserve of $25,000 of the settlement fund will be set aside to address processing errors and to

1  ensure that all participating class members will receive at least $100 from the settlement. Dkt. No.
2  231 at 4-5. The remaining fund, estimated to be close to $5,400,000, will be distributed among
3  the class members on a modified pro rata basis according to their weeks worked as a Service
4  Specialist during the class periods, applying a multiplier of 1.5 to the hours worked by FLSA class
5  members during the FLSA class period. Dkt. No. 231 at 5-6.
6        The class members do not need to submit claim forms in order to receive a settlement
7  check. Unless they excluded themselves from the settlement, all class members will receive a
8  check with no further action required. Dkt. No. 231 at 5. If the amount of uncashed checks
9  together with the $25,000 reserve fund totals $30,000 or more after 120 days, those funds will be
10 redistributed to the class members who cashed their initial checks on a pro-rata basis. *Id*. If the
11 amount is less than $30,000, it will go to the cy pres beneficiary, the Legal Aid Society-
12 Employment Law Center in San Francisco. *Id.*
13       The class members who do not opt out will release Ecolab from all claims for:

> wages, statutory and civil penalties, damages and liquidated damages, interest, fees and costs that were or could have been alleged and whether known or unknown under the FLSA and/or Colorado, Illinois, Maryland, Missouri, New York, North Carolina, Washington or Wisconsin law, arising out of the allegations of the Complaint during the applicable Class Periods set forth above...

18 Dkt. No. 231 at 6; Dkt. No. 223-2, Ex. 1 at 24. This release is "limited to wage and hour claims
19 that were alleged in the Complaints in the action or arise from facts alleged in the Complaints."
20 Dkt. No. 231 at 7. Each plaintiff for whom the Court approves an incentive payment also will sign
21 "individual, general releases" of claims, including any claims arising from their employment with
22 Ecolab. *See id.*; *see* Dkt. No. 223-2, Ex. 1 at 26.
23       Plaintiffs report that notice has been provided in accordance with the proposed settlement
24 agreement and the Court's preliminary approval order. The settlement administrator received and
25 updated a list of the class members' names and addresses. Dkt. No 231 at 7; Dkt. No. 231-2 ¶ 3.
26 The approved class notice was mailed to the updated mailing addresses. Dkt. No. 231-2 ¶ 4.
27 Efforts were made to locate new addresses, and a second round of notice packets were sent to
28 those whose packets were returned in the first cycle. *Id.* ¶ 7. The notice informed parties they

1  could challenge their applicable workweek calculation, and the one challenge that was made was
2  resolved.  *Id*. ¶ 8.  A toll-free line and website were set up to field inquiries and provide
3  information.  *Id*. ¶¶ 5-6.  The administrator reported that as of the October 19, 2015 deadline, the
4  only two requests by putative class members for exclusion from the class had been rescinded.  *Id*.
5  ¶ 9; Dkt. No. 231 at 8.  No objections to the settlement were received.  Dkt. No. 231-2 ¶ 10; Dkt.
6  No. 231 at 8.

## DISCUSSION

### I. FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL CERTIFICATION OF SETTLEMENT CLASS

In the order granting preliminary approval, the Court found that the proposed settlement satisfies the requirements of Federal Rule of Civil Procedure 23(a), namely, numerosity, commonality, typicality and adequacy of representation.  Dkt. No. 226 at 5-6.  The Court also found that the proposed class met the predominance and superiority requirements of Rule 23(b)(3).  *Id*. at 6.  The Court concluded that, overall, the proposed agreement was "fair, reasonable, and adequate" under Rule 23(e).  *Id*. at 4.

The Court finds that these conclusions hold at this final approval stage.  The relief available to the class is reasonable in light of the risks they face.  For the strengths and weaknesses of plaintiff's case, plaintiff's motion points to the defenses defendant raised in its summary judgment motion, including arguments that certain of plaintiff's claims fell into FLSA exemptions.  Dkt. No. 231 at 11.  Plaintiffs also cite the difficulties they were facing in maintaining certification of the FLSA class and obtaining certification of the eight state classes.  *Id*. at 11-12.  By settling, the class avoids the risk that the Court will find merit in any of those bases, and each member will instead simply receive a check in the mail that on average, is expected to equal approximately five thousand dollars.  *Id*. at 13.

The Court also finds that the discovery done in the case was appropriate, and plaintiffs' counsel has detailed a sufficiently robust investigation, including interviews with hundreds of class members, depositions of Ecolab witnesses, and significant amounts of written discovery and document production.  *Id*. at 14.  Last but not least, plaintiffs report that no class members have

objected to the proposed settlement, which is a significant factor in favor of final approval. *Id*. at 15-16; *see Sarkisov v. StoneMor Partners L.P.,* No. 13-CV-04834-JD, 2015 WL 5769621, at *3 (N.D. Cal. Sept. 30, 2015); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575, 576 n.7 (9th Cir. 2004) (listing "the reaction of the class members to the proposed settlement" among the "non-exclusive" settlement evaluation factors courts are to consider before granting approval). No objections were raised at the public hearing.

The Court determines that notice to the class members was accomplished in the manner prescribed by the settlement and as approved by the Court at the preliminary approval stage. *See* Dkt. No. 226 at 6.

On the FLSA side of the case, the Court previously found that plaintiff had satisfied the standards and granted conditional certification of the FLSA collective action, which is generally more lenient than the requirements for certification under Federal Rule of Civil Procedure 23. Dkt. No. 226 at 2, 6; Dkt. No. 85. That conclusion, too, still holds. And for the same reasons already discussed, the Court finds that the proposed FLSA settlement constitutes a "fair and reasonable" resolution "of a bona fide dispute," and approves it. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The Court confirms David Beausoleil and Patrick Sweeney as class representatives of the FLSA opt in class.

Consequently, the Court grants final approval of the proposed settlement, finally certifies the state settlement classes as proposed, and confirms as final the appointment of named plaintiffs David Beausoleil, Lucio Flores, Robert Birch, Thomas Jennison, Michael Emanuel, Kenneth Forbes, Frederick Simon, Brian O'Neil and Patrick Sweeney as the class representatives of the respective state classes under Rule 23.

## II. ATTORNEYS' FEES AND COSTS

Plaintiff's counsel seeks the Court's approval for an award of $1,875,000 in attorneys' fees and $135,601.83 in costs. Dkt. No. 227 at 1. Reasonable attorney's fees and costs are allowed under Federal Rule of Civil Procedure 23(h) and Section 216 of the FLSA, 29 U.S.C. § 216(b), both of which apply to this case.

The amount sought by plaintiffs' counsel represents 25% of the $7,500,000 total class settlement. This amount is consistent with the "benchmark" in our Circuit when fees are sought in this manner. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%"). The reasonableness of the fees requested is confirmed by the fact that the fee award sought by counsel is only about 66% of the $2,835,000 in fees calculated by plaintiffs in their lodestar. *See* Dkt. No. 227 at 10; *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (approving the district court's use of the lodestar method "as a cross-check of the percentage method"). The Court finds that the unopposed fee request is also adequately supported by the documentation plaintiff has submitted, Dkt. Nos. 227-1 to 227-6, and the Court approves it.

Plaintiff's counsel has documented a request for $135,601.83 in costs, which the Court finds adequately-supported and reasonable. The Court awards these costs as requested.

**III. INCENTIVE AWARDS**

The "incentive payment" request is granted only in part. Plaintiffs ask the Court to award an extra $3,000 in incentive payments to each of the nine named plaintiffs and class representatives. Dkt. No. 228 at 1.

The Court, following the Ninth Circuit, has consistently expressed strong skepticism of arrangements whereby named plaintiffs do better than ordinary members of the class, based on the danger that it may lead to collusive settlements and conflict within the plaintiff's side of the case. *See Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014) ("Absent a particularized showing of expenses incurred or injury suffered by [the named plaintiff] (above and beyond those of the other proposed class members), an enhancement award is inappropriate"); *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527, 2014 WL 5826335, at *6 (N.D. Cal. Nov. 10, 2014); *Sarkisov*, 2015 WL 5769621, at *4. The Court has expressly advised the parties in this case that this is a "practice that this Court normally rejects." Dkt. No. 226 at 7.

But the Court's serious doubts about the propriety of incentive payments do not amount to an inflexible rule. In rare circumstances, there can be factors that warrant the award of additional money to the named representatives above and beyond what the rank-and-file class members get. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (describing relevant factors in determining an incentive award as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s] of workplace retaliation" (quotation omitted)).

This case qualifies for a modest additional award to the named plaintiffs. As an initial factor, the named plaintiffs won a significant settlement in this matter, which will result in an average payout of approximately $5,000 to class members. Dkt. No. 228 at 1. This is a significant settlement and recovery in the context of this case and the non-highly compensated Service Specialist plaintiffs. *See* Dkt. No. 231 at 13. And more than half of the named plaintiffs appear to have been Ecolab employees during the pendency of the suit, and still worked on the case despite the possibility of retaliation from their employer. Dkt. No. 228 at 5; Dkt. No. 228-3; Dkt. No. 228-10; Dkt. No. 229; Dkt. No. 228-5; Dkt. No. 228-8. The named plaintiffs will sign significantly broader releases than the other class members. Dkt. No. 228 at 7. The named plaintiffs report participation in many elements of the case, meeting with counsel and co-workers to investigate and prosecute the case, interfacing with co-workers regarding the case and their FLSA opt-in process, searching for documents and helping with other discovery, and participating in depositions and mediation. Dkt. No. 228 at 3-4; Dkt. No. 228-1 to 228-10; Dkt. No. 229.

In light of these facts, Court approves service awards of $500 to each of the nine named plaintiffs. In addition, all of the named plaintiffs may be reimbursed for any out-of-pocket costs and any work missed.

**CONCLUSION**

The Court grants plaintiff's (1) motion for final approval of class settlement and for final certification of settlement class, Dkt. No. 231, and (2) motion for attorneys' fees and costs, Dkt. No. 227. The Court grants final approval of the proposed settlement, and finally certifies the state

settlement classes and FLSA class as proposed. The Court confirms the appointment of David Beausoleil, Lucio Flores, Robert Birch, Thomas Jennison, Michael Emanuel, Kenneth Forbes, Frederick Simon, Brian O'Neil and Patrick Sweeney as the class representatives of the respective state classes under Rule 23, and David Beausoleil and Patrick Sweeney as class representatives of the FLSA opt in class. The Court further approves the payment of $1,875,000 in attorneys' fees and $135,601.83 in costs to class counsel.

Plaintiff's motion for incentive pay to the nine class representatives, Dkt. No. 228, is granted in part, and these named plaintiffs may be reimbursed for any out-of-pocket costs and any work missed.

The parties are ordered to comply with the remaining terms of the revised settlement agreement, Dkt. No. 223-2, Exh. 1, and the Clerk is requested to close the file and terminate any pending matters.

**IT IS SO ORDERED.**

Dated: January 5, 2016

JAMES DONATO
United States District Judge